VINCENT *v.* POOLE, sheriff, *et al.*

No. 10879. FEBRUARY 19, 1936.

*J. H. Paschall,* for plaintiff. *Roscoe Pickett,* for defendants.

RUSSELL, Chief Justice. We are of the opinion that the case stated in the petition clearly entitled the petitioner to ask the court to enjoin the sale of her property as advertised, and thereby prevent the trouble and expense as well as the possibility of future further litigation. Two questions are presented. The first is whether the tax fi. fas. are void; and the second is whether, if they are void, injunction is the property remedy. The case was dismissed on general demurrer. In the petition the plaintiff alleged that she owned certain land in Pickens County; that for the years 1929 and 1930 she failed to return this land for taxes; that on April 15, 1933, the defendant Stancil, the tax-collector of Pickens County, notified her that no returns had been made of said land for taxes for said years, and that she had twenty days in which to make returns of said property for taxes; that on May 3, 1933, she made out a return of said property for taxes, and offered to file it with Stancil, the tax-collector, but he refused to accept it, and proceeded to make a return of the property himself and to double-tax the property, and issued the alleged tax executions; that Poole, the sheriff, was advertising her property for sale under these executions, which she alleged were void; that her property had been illegally double-taxed; and that she was entitled to come into equity and have the sale enjoined, and to have canceled the so-called tax executions alleged to be illegal.

■ We are of the opinion that the so-called tax executions were void. We have not been able to find any law that gives the tax-collector authority to assess and double-tax property except as in the Code of 1933, § 92-6602, and that only in a case where the owner is unknown. In the case at bar the owner was known. The tax-receiver may assess and double-tax property which has not been returned (§ 92-6601), but apparently there is no authority authorizing tax-collectors to do either except in § 92-6602, and that is where the owner is unknown. This court has repeatedly held that "statutes levying taxes should be construed most strongly against the government and in favor of the citizen." *Trustees* v. *Atlanta,* 76 *Ga.* 181, 190. In *Johnson* v. *Christie,* 64 *Ga.* 117, 121, Mr. Justice Bleckley held: "Where the comptroller-general has issued a fi. fa. for taxes against certain land as wild, the sheriff ought not to levy and sell if the fact be that the land is not wild but improved." See also *McIntyre* v. *Harrison,* 172 *Ga.* 65 (157 S. E.

499). "Statutes levying taxes on the inhabitants of this State will not be extended by implication."

We are of the opinion that the learned trial judge erred in holding (by dismissing the petition upon demurrer) that injunction was not an available remedy to prevent the sale of the petitioner's property which had been levied on and advertised for sale by the sheriff of Pickens County. It is true that as a general rule there can be no judicial interference to hinder or delay the State in the collection of taxes. Code of 1933, § 92-7901; *Decker* v. *McGowan,* 59 *Ga.* 805. But, as pointed out by Judge Bleckley in the *Decker* case, there are exceptions to the general rule just stated, and we are clear that the facts stated in the petition in this case bring it within a well-recognized exception. As said by Judge Bleckley: "Nothing is a tax but what has the nature of a tax, and is imposed by some law. For an officer to exact money, under the name of a tax, when there is no law to warrant the exaction, is not an attempt to collect taxes, but an attempt to collect something else; and the rule which excludes [judicial] interference in the collection of taxes does not apply. . . With the aid of formal logic, the foregoing examples, and others that might be put, may be generalized thus: Every claim for taxes is reducible to a syllogism of which the major premise is a proposition of law, involving the officer's authority, and the minor, a proposition of fact; if the citizen disputes the major premise, and is in the right, he has a case in which judicial interference is not prohibited; but if he controverts the minor premise only, he has no case for a court, but must pay the tax, and depend for redress on action against the officer, or on petition to the General Assembly. One of the examples, brought into syllogistic expression, will suffice for all purpose of illustration: (Major)—The tax on practicing lawyers is ten dollars each. (Minor)—You are a practicing lawyer. (Conclusion)—Therefore you are taxed ten dollars." This language was approved by the court in *Wright* v. *Southwestern R. Co.,* 64 *Ga.* 783, in which it was held: "Where any ministerial officer of the State is attempting to collect money out of a person, natural or artificial, under the forms of law, but without any valid constitutional law to authorize the process he uses and calls an execution for taxes, it is the duty of the courts, on a proper case made, to arrest the proceeding in some of the modes known to the law, and

afford relief to the party complaining." Equity has jurisdiction to interfere in behalf of a taxpayer and to enjoin the collection of alleged taxes which have not been assessed in accordance with law, and therefore are not in fact taxes, although erroneously so called. This ruling was followed in *Southwestern Railroad* v. *Wright,* 68 *Ga.* 311. The distinction between the general rule and the exceptions to which we have referred is pointed out also in *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 503, 508 (30 S. E. 270), in which it was said, in the opinion delivered by Mr. Justice Little: "It is clear, as a sequence of what has been said, that where the authorities of Dougherty County, relying for their power so to do upon the provisions of the law hereinabove quoted, imposed a tax of fifty dollars for the year 1897 on all dealers in spirituous or malt liquors, etc., doing business in that county, and it appears that in the order assessing the same the tax is arbitrarily laid as ᵗ supplement to the ad valorem tax levied for roads and bridges und, and is not assessed with reference to a specified per cent. ᵗpon the State tax for the particular purpose, the tax thus imposed was unauthorized by law; and being so, the court erred in refusing to grant an injunction to restrain its collection by levy and sale. *Vanover* v. *Davis,* 27 *Ga.* 354; *Wright* v. *Southwestern Railroad,* 64 *Ga.* 783; *Southwestern Railroad* v. *Wright,* 68 *Ga.* 311; *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 30." In *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 24, 30, it was held that where a tax was illegally imposed, and was illegally in process of collection, an injunction should have been granted. The principle that the collection of purported tax fi. fas., which are not in fact what they purport to be, may be enjoined, seems to run through almost the entire period of this court's existence, or at least from the 27th to the 177th volume of our Reports. The case of *Vanover* v. *Davis,* 27 *Ga.* 354, 357-8, in which Judge Lumpkin delivered the opinion of the court, in holding that the judiciary had the right to interfere, illustrates the proposition with which we are now concerned, by asking and answering the following question: "But suppose, as in this case, the inferior court assumes jurisdiction to levy a tax without authority of law to do so, or the ministerial officers of the State undertake to collect a tax on property, not only not taxable, but expressly exempted from taxation, would not the courts arrest such an attempt, that not being a tax authorized by

722

the act of 1804, or any subsequent statute amendatory thereof? Most clearly." Upon certain phases of judicial interference, see the opinion of Chief Justice Jackson in *Mayo* v. *Renfroe,* 66 *Ga.* 408, 430. Some of the exceptions to the general rule stated in § 92-7901 of the Code of 1933, "No replevin shall lie, nor any judicial interference be had, in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any court of law having jurisdiction thereof," and the exceptions with which we are now dealing, were well pointed out by Mr. Justice Gilbert, in *Harris Orchard Co.* v. *Tharpe,* 177 *Ga.* 547 (2) (170 S. E. 811). "The Code section just quoted states the general rule, to which there are some exceptions: (a) An unconstitutional exaction, because what is then called a tax is no tax. *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353). (b) Where the law does not impose the tax or authorize the execution, for the same reason. *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296). (c) Where the defendants did not occupy the official positions alleged in the execution. *Mayo* v. *Renfroe,* 66 *Ga.* 408. (d) Where an execution issued for taxes which had been properly returned and taxes paid. *Nalley* v. *McManus,* 135 *Ga.* 713 (70 S. E. 255). There are doubtless other exceptions." Where the purported tax fi. fa. is of an origin unauthorized by law, the spurious product is not authorized to function so as to sell the property of a taxpayer. There is no provision of law which authorizes a tax-collector to assess and double-tax the property of a taxpayer, unless such is unknown.

*Judgment reversed. All the Justices concur.*