22147.  COLVARD et al. v. RIDLEY, Commissioner, et al.

ARGUED SEPTEMBER 9, 1963—DECIDED OCTOBER 10, 1963— REHEARING DENIED OCTOBER 29, 1963.

*Pittman & Kinney, H. E. Kinney,* for plaintiffs in error.
*Sam Calhoun, Jr., Mitchell & Mitchell,* contra.

MOBLEY, Justice. ■ (a) The evidence offered by the defendants, the taxing authorities of Murray County, supported the allegations of their motion set out above, and the court was authorized to conclude therefrom that a valid assessment had been made against the property owners of Murray County. There was evidence that since the order of the trial court of December 12, 1962, entered after the decision of the Supreme Court enjoining the tax commissioners from levying any fi. fas. based upon the 1962 assessment and levy, the tax assessors had prepared a list of all of the personal property that was taxable of all the 3,500 taxpayers in the county, the 2,800 who had

paid their taxes, and the 700 who had not; that they fixed the fair market value of this property from all the information that was available and then assessed it at 40 percent of its fair market value; that they did the same as to real estate, fixing its fair market value based upon the best information available to them including their own knowledge of the land, deed records, information from property owners, a survey of J. L. Jacobs Company, personal visits to pieces of property, sales of real estate, conversations with acquaintances and other property owners, and all other sources of creditable information. Based on this information, the fair market value was fixed and the property assessed at 40 percent of its value.

(b) The evidence discloses that an increase in the assessment of the property of some 70 taxpayers was made; that they were given notice of the change as required by *Code Ann.* § 92-6911; that in response thereto some came in, protested, and their assessments were arbitrated. Plaintiffs' contention that proper notice was not given is without merit.

(c) Plaintiffs' contention that since the property was returned for taxes and assessed by the taxing authorities there can be no additional assessment on the property returned and assessed is without merit in this case, for under the ruling of this court in *Colvard v. Ridley,* 218 Ga. 490 (128 SE2d 732), there had been no previous assessments, as the prior assessments made were null and void.

(d) Plaintiffs contend that since the tax digest had been forwarded to the State Revenue Commissioner for examination and approval, as required by *Code Ann.* § 92-6917, and since it was approved by him without any changes and returned to the county, no further changes could be made in the digest. This contention is without merit because since the assessments made by the tax assessors were null and void, all further proceedings including the review and approval by the Revenue Commissioner were likewise null and void and completely nugatory.

(e) This court in *Garr v. E. W. Banks Co.,* 206 Ga. 831 (5) (59 SE2d 400), held that the requirement of *Code Ann.* § 92-6917 that tax assessors shall complete their revision and assessment of the returns of taxpayers by June 1st of each year so that a com-

plete digest may be submitted to the State Revenue Commissioner is directory only, and the authority of the board to perform their duties after June 1st is not affected by this section. Thus the board was fully authorized to perform their duties and make new assessments after this court held that the prior assessments were null and void.

(f) It appears that the tax digest made up of the tax returns as revised by the tax assessors has not been submitted to the State Revenue Commissioner as required by *Code Ann.* § 92-6917. We are of the opinion that taxes may not be collected or fi. fas. for taxes issued until the digest has been submitted to the State Revenue Commissioner, approved by him, and returned to the county.

■ The judgment of the trial court is affirmed with direction that the court modify its judgment by ordering that the tax commissioner submit the tax digest to the State Revenue Commissioner for his approval as required by law and by further providing that in case any taxes are voluntarily paid prior to approval of the digest by the Commissioner and in case of any change in the digest by the Commissioner resulting in overpayment of taxes due that the overpayment be refunded to such taxpayers.

*Judgment affirmed with direction. All the Justices concur.*