26093, 26094. MILLER v. MITCHELL, Sheriff; and vice versa.

ALMAND, Chief Justice. This appeal and cross appeal are from an order denying an interlocutory injunction.

Charles C. Miller, Sr., by his equitable petition, sought to enjoin R. L. Mitchell, Sheriff of Stewart County, from selling certain described real estate of the plaintiff to satisfy tax fi. fas. for alleged nonpayment of taxes due for the years 1964, 1966 and 1967. He alleged that he had paid in full the taxes due for 1964. He alleged that as to the 1966 taxes, he demanded arbitration, but the tax assessors failed to appoint their arbitrator after he had designated his and he therefore paid only the amount of taxes based upon his return. As to the 1967 tax, he contended, ". . . that to collect taxes at a rate different from the amount paid by petitioner will deny him the equal protection of the laws and Constitution of the United States, by forcing him to make more

than his proper share of the expenses of the government and let others carry less than their share of the burden of government. 7A. The county makes a diligent effort to collect tax from every piece of real estate in the county, but makes no effort to collect any intangible taxes. Therefore the county discriminates against petitioner in the collection of taxes. Therefore the taxation at a different rate other than set for intangibles and by not making any effort to collect any intangible taxes by the county violated the Fourteenth Amendment of the Constitution of the United States which is set forth as follows: . . ."

On the hearing of the prayers for an interlocutory injunction, the court found from the evidence that (a) petitioner failed to prove payment of taxes due the county for the year 1964; (b) that the petitioner had been denied his right to arbitration for the taxes due in 1966 and that he had paid the amount lawfully due for that year; (c) that the petitioner owed stated amounts for the years 1964 and 1967, and (d) that the fact that the petitioner was taxed at a rate on real property different from the tax rate on personal property, did not deny him his right to equal protection under the Fourteenth Amendment to the United States Constitution.

The plaintiff appealed the first and third parts of the court's order and the defendant, by cross appeal, assigns error on the second part of that order. *Held:*

1. The evidence supports the finding of the court that the taxes for 1964 and 1967 had not been paid.

2. Where the evidence shows that the taxpayer demanded, in writing, arbitration as provided under *Code Ann.* § 92-6912 (Ga. L. 1969, p. 942), for the taxes assessed in 1966 and that the tax assessors failed or refused to appoint their arbitrator, the court did not err in holding that when the taxpayer paid the amount he contended was due in taxes for 1966, that this amounted to full payment.

The error enumerated in the cross appeal on this part of the order is without merit.

3. Art. VII, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-5403) provides: "Classes of subjects for taxation of property shall consist of tangible property and one or more classes of intangible personal property including money. The General Assembly shall have the power to classify property including money for taxation, and to adopt different

rates and different methods for different classes of such property."

The contention that to provide a different rate of taxation as to intangible personal property from that on real property violates the equal protection clause of the Fourteenth Amendment finds no support in any decision of the Supreme Court of the United States, but on the contrary that court has held that classification of real and personal property on different rates of taxation does not violate the Fourteenth Amendment. Thomas v. Gay, 169 U. S. 264, 281 (18 SC 340, 42 LE 740); Ohio Oil Co. v. Conway, 281 U. S. 146 (50 SC 310, 74 LE 775). McLennan v. Aldredge, 223 Ga. 879 (5) (159 SE2d 682); 51 AmJur 255, Taxation, § 194.

There was no proof on the charge of discrimination in the collection of intangible taxes.

No error appearing, the order of the trial court is

Affirmed. All the Justices concur.

ARGUED OCTOBER 13, 1970—DECIDED NOVEMBER 5, 1970—
REHEARING DENIED NOVEMBER 18, 1970.

Jesse DuBose, for appellant.
Carlton S. Brown, for appellee.