27682. COX et al. v. BLACKMON et al.

NICHOLS, Justice. I. P. Cox and five other owners of rural real property in Macon County, Georgia brought an action denominated as a class action in which they sought relief from re-evaluation of rural property for ad valorem tax purposes for the year 1972 and future years. One of the allegations was that the re-evaluation notices sent to the plaintiffs did not comply with statutory requirements. The trial court, after hearing, required the defendant board of tax assessors to give the plaintiffs notice as required by law so that they could proceed with arbitration, but refused their prayers to treat the claim as a class action, or to enjoin the submission of the tax digest to the State Revenue Commissioner for approval or to grant other specific relief sought, although some other incidental relief was granted. The plaintiffs applied for, but were denied the grant of a supersedeas. The complaint attacked the constitutionality of various statutes.

1. Assuming, but not deciding, that the attacks upon the statutes were sufficient to properly raise the issue of their constitutionality in the trial court, yet under the decision in *Griggs v. Greene,* 230 Ga. 257, the trial court properly overruled the attacks upon those statutes, the constitutionality of which was expressly

passed upon in that case, and under the rationale of such decision the attacks upon other statutes dealing with the equalization of assessments between various counties were properly overruled.

(a) The attacks upon those statutes treating tangible and intangible personalty as different classes of property for ad valorem tax purposes are controlled adversely to the appellants by the decision in *Mitchell v. Miller,* 226 Ga. 892 (3) (178 SE2d 175), and the cases there cited.

2. The issue as to taxpayers other than the plaintiffs for the year 1972 is moot since such taxes were due December 20, 1972 and have been paid, even according to the appellants in a supplemental brief filed in this court, by some taxpayers of Macon County and the digest for 1972 has been approved by the Revenue Commissioner. Compare *Grafton v. Turner,* 227 Ga. 809 (183 SE2d 458), as to the effect of such approval. As to the failure of taxpayers other than the plaintiffs, to seek arbitration and as to correctness of the trial court in refusing to enjoin the collection of any taxes for the year 1972, see *Kight v. Gilliard,* 214 Ga. 445 (105 SE2d 333), and cits.

3. The judgment of the trial court requiring the taxing authorities of Macon County to permit arbitration for the plaintiffs gave them complete relief for the year 1972. Under the decision in *Griggs v. Greene,* supra, had the evidence demanded a finding that assessments were raised arbitrarily under the direction of the State Revenue Commissioner in varying percentages upon the same class of property, a reversal would be required, yet since such a finding was not demanded, the judgment of the trial court must be affirmed.

4. The remaining enumerations of error, including one which complains of the judgment of the trial court dismissing the complaint as to the revenue commissioner and state auditor, relate to matters which would not, if error, aid the appellants if a

reversal was obtained.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 22, 1973 — REHEARING DENIED MARCH 15, 1973.

*Carl P. Savage, Jr., J. Leonard Liggin,* for appellants.
*W. T. Roberts, H. Perry Michael,* Assistant Attorney General, *Gary B. Andrews,* for appellees.