### 28023. BLACKMON v. EWING et al.

UNDERCOFLER, Justice. This case involves the ad valorem tax assessments of property in Newton County for the year 1972. The procedure complained of and the constitutionality of the law under which appellant acted are substantially the same as set forth in *Griggs v. Greene,* and *Blackmon v. Brasington,* 230 Ga. 257 (197 SE2d 116). The trial court found in favor of the taxpayers. The State Revenue Commissioner appeals. Differences in fact and issues necessary for decision here will be treated in the opinion. *Held:*

1. The Tax Commissioner contends this action should be dismissed because the taxpayer failed to tender the county ad valorem taxes admitted to be due prior to filing suit. We have reviewed all the Georgia cases on this subject. We find the rule of tender in cases challenging ad valorem taxation in Georgia has been applied rigorously. It reflects the court's reluctance to interfere with revenue collections. "The general rule is that no injunction will lie to interfere with the collection of taxes. Before enjoining taxation, 'the law and the facts must be such as to clearly require such action.' *McCrory v. Board of Commissioners,* 177 Ga. 242 (6) (170 SE 18)." *Candler v. Gilbert,* 180 Ga. 679, 682 (180 SE 723). It is consistent with the constitutional provision stating, "The right of taxation is a sovereign right — inalienable, indestructible — is the life of the State..." Const. Art. VII, Sec. I, Par. I (Code Ann. § 2-5401). It may be argued that the principle of tender no longer serves any purpose in modern jurisprudence with the broad powers equity courts now exercise. Nevertheless the principle is engrained in Georgia law and we can not fault a requirement that the challenger of the "life" of his community must do equity before cognizance will be taken of his attack. Our review indicates, however, that the application of the tender principle in recent ad valorem tax cases has rendered it unclear. We restate it so that litigants should have no difficulty in following it.

"Equity has jurisdiction to interfere in behalf of a taxpayer and to enjoin the collection of alleged taxes which have not been assessed in accordance with the law, and therefore are not in fact taxes, although erroneously so called." *Vincent v. Poole,* 181 Ga. 718, 721 (184 SE 269).

"One against whom an unlawful exaction in the form of a tax is sought to be made, by virtue of unconstitutional statute or procedure, is entitled to an injunction to restrain its collection, if adequate remedy at law by affidavit of illegality is not provided; and it is not necessary that he first tender any part of the wholly illegal tax, or resort to arbitration under invalid or inapplicable statutes, or await the levy of a tax execution." *Pullman Co. v. Suttles,* 187 Ga. 217, 220 (199 SE 821). See *Williams v. Hutchins,* 212 Ga. 594 (94 SE2d 412).

Therefore, when a county ad valorem tax is attacked in equity as being "wholly" illegal and consequently "not in fact taxes" tender is not required. See *Trust Inv. & Dev. Co. v. City of Marietta,* 216 Ga. 788, 789 (119 SE2d 568).

This conclusion is consistent with the rule that tender is never required until the Revenue Commissioner has approved the digest and returned it to the county and taxes become legally due. *Register v. Langdale,* 226 Ga. 82 (172 SE2d 620); *Colvard v. Ridley,* 219 Ga. 361, 364 (133 SE2d 364).

The fact that the taxpayer ultimately will have some tax liability does not require a tender of that amount. The taxpayer may admit that he can not escape some tax when legally imposed. However, the question for tender is whether any tax is legally due at the time suit is filed, not what is certain to become due in the future. See *Wright v. Southwestern R. Co.,* 64 Ga. 783, 796.

Tender is required, however, where the ad valorem tax digest has been approved by the Revenue Commissioner and returned to the county and an attack is made for an excessive levy. "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due in order to obtain the relief sought." *Peoples Credit Clothing Co. v. City of Atlanta,* 173 Ga. 653 (160 SE 873).

In applying the rule of tender it is essential to recognize the difference between those cases which attack the tax as "wholly" illegal, and those cases which attack the tax as excessive and which may further complain that the excess is illegal. These

latter cases attack only the excess. Therefore, they admit, if not expressly, by implication that some tax is due and, if the time of payment has arrived, tender of that amount is required before suit. *Elder v. Home Bldg. & Loan Assn.,* 185 Ga. 258 (194 SE 745); *Clisby v. City of Macon,* 191 Ga. 749 (13 SE2d 772).

We point out that where tender is required the critical date is when the digest is approved by the Revenue Commissioner and returned to the county and the taxes become due. It is not the last date for payment of taxes after which they become delinquent. *Register v. Langdale,* 226 Ga. 82 (172 SE2d 620).

In some cases attacks are made on the tax as being both excessive and "wholly" illegal. In these circumstances a court of equity taking jurisdiction to decide the question of whether the tax is "wholly" illegal may proceed to do justice to all the parties and also decide the question of excessiveness. "A court of equity, having acquired jurisdiction of the subject matter and of all of the interested parties, may grant full and complete relief, either legal or equitable, as to all purposes relating to the subject matter. . ." *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758, 764 (113 SE2d 438).

Some cases holding that tender was required appear to depart from these rules but a careful reading indicates that the attacks were made against an excessive levy. If these cases are construed to hold that tender is required where the tax is attacked as "wholly" illegal they must yield to the older decisions cited herein.

Accordingly, one of the attacks in the instant case being that the tax was "wholly" illegal, tender was not required.

2. After the decision of this court in *Griggs v. Greene* and *Blackmon v. Brasington,* 230 Ga. 257 (197 SE2d 116), the trial court in this case entered an interlocutory order dated April 9, 1973, directing the county tax officials to collect taxes based on the tax digest as originally submitted to the State Revenue Commissioner the previous October, 1972, but not approved by him. Pending the decision by this court in *Griggs* and *Blackmon* the trial court had entered an interim order dated January 15, 1973, that any taxpayer making a payment of 1972 taxes under the digest being attacked would be entitled to a refund of the excess payments if the digest were subsequently determined to be invalid.

The State Revenue Commissioner complains that the trial court should have ordered the digest resubmitted to him for approval and that as it now stands the county has been ordered to collect

taxes on a digest which has not been approved. He further complains that the trial court erred in ordering that taxpayers who voluntarily paid their taxes prior to the trial court's interim order may not recover the excess as ordered.

"Equity seeks to do full justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject matter of the suit, provided the court has jurisdiction for that purpose." *English v. English,* 69 Ga. 636 (1a). Here the court had jurisdiction, the parties were before it, and it was essential that the county collect taxes in order that it might function. Therefore, the trial court was authorized to temporarily direct the payment of taxes on some rational basis. Under the circumstances of this case we can conceive of no better basis than that found by the trial court, namely, the original digest submitted to the State Revenue Commissioner. The trial court was faced with very practical problems and under its equitable powers was authorized to fashion a temporary decree which would do substantial justice to all parties. Although *Colvard v. Ridley,* 219 Ga. 361, 364, supra, states: "We are of the opinion that taxes may not be collected or fi. fas. for taxes issued until the digest has been submitted to the State Revenue Commissioner, approved by him, and returned to the county," this does not prevent the trial court from fashioning a reasonable temporary decree under the exigencies of the circumstances here.

A voluntary payment of taxes can not be recovered. Taxes paid prior to the trial court's interim protective order dated January 15, 1973, can not be recovered. Code § 20-1007; *Darby v. City of Vidalia,* 168 Ga. 842 (149 SE 223). As stated in the trial court's order, "Any taxpayer hereafter making payment for 1972 ad valorem taxes to the Tax Commissioner shall be entitled to be refunded any sum paid in excess of his, her, or its tax liability as the same may be judicially determined, which payments shall not be considered voluntary to the extent of any amounts not finally determined to be due." However, that part of the interlocutory order of April 19, 1973, directing the refund of taxes paid prior to January 15, 1973, is erroneous. See *DeKalb County v. Brown Builders Co.,* 227 Ga. 777 (5) (183 SE2d 376).

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JULY 9, 1973 — DECIDED OCTOBER 4, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General,* for appellant.

*Heyman & Sizemore, George H. Myshrall, Jr., Terry P. McKenna, Troy Thigpen, Jr.,* for appellees.