## 28583. ANDERSON et al. v. BLACKMON et al.

SUBMITTED JANUARY 15, 1974 — DECIDED MARCH 8, 1974 — REHEARING DENIED MARCH 21, 1974.

*Gettle & Fraser, Sherman Fraser,* for appellants.

*Charles W. Stephens, Arthur K. Bolton, Attorney General, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General,* for appellees.

GRICE, Presiding Justice.

This appeal involves another action seeking injunctive and declaratory relief from an order of the State Revenue Commissioner requiring increases in

county tax assessments on real and personal property so as "to achieve a digest of 40% of fair market value as required by Georgia Law." See *Griggs v. Greene* and *Blackmon v. Brasington,* 230 Ga. 257 (197 SE2d 116); *Cox v. Blackmon,* 230 Ga. 275 (196 SE2d 403) (U. S. appeal pending); and *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138).

This suit was instituted in the Superior Court of Fannin County by George Anderson and other named persons, individually and as a class in behalf of all persons similarly situated, seeking to have the county tax digest modified and declared unconstitutional. The complaint alleged that the class consisted of three types: "those who have paid their taxes, those who have paid their taxes under protest, and those who have not paid their taxes."

After a hearing the trial court entered a judgment declaring the assessment increases unconstitutional under the rulings of this court in *Griggs v. Greene* and *Blackmon v. Brasington,* 230 Ga. 257, supra. It further found that no proper class action was presented by the evidence or the complaint because "the multiplicity of varying facts that would have to be presented by each plaintiff similarly situated are such that they outweigh whatever common questions of law may exist."

It thereupon held that "any plaintiff in this case whose property has been finally assessed at more than forty percent of its fair market value by the application of percentage and adjustments ordered by the State Revenue Commissioner, is entitled to and will be granted appropriate relief. Such taxpayer must, however, within thirty days from the date of this order, apply to the Tax Commissioner for such relief which may be granted in the form of a rebate or as a credit against future taxes. Issues of fact as to whether a taxpayer's property has been assessed at more than forty percent of its market value is a jury question and will be resolved by a jury in Fannin Superior Court unless the parties can agree to try said issue before a Special Master or Auditor to be agreed upon by the parties." Those taxpayers who had withheld payment of their 1972 taxes because of the suit were allowed 15 days from the date of the order to pay without

penalty or interest.

The above judgment was certified for immediate review.

1. The trial court correctly found that under our decision in the *Griggs* case the order of the State Revenue Commissioner adjusting the valuation of the types of property involved by varying percentages was illegal and unconstitutional as to the appellants. 230 Ga. 264-266. However, their assertion that the ruling should be expanded by voiding the entire tax digest must be sustained.

The trial court had no authority to replace the illegal assessments with legal assessments since it could not order the county to collect taxes on a digest which had not been approved by the State Revenue Commissioner. Code § 92-6917, as amended, Ga. L. 1945, p. 251; *Colvard v. Ridley,* 219 Ga. 361, 364 (133 SE2d 364). The court was only authorized under its equitable powers to fashion a reasonable temporary decree for the temporary payment of taxes so that the county would be able to function until a new tax digest was approved. *Blackmon v. Ewing,* 231 Ga. 239, 242, supra.

2. It was likewise error to find that no proper class action was presented by the evidence or the complaint.

The voluntary payment of taxes cannot be recovered (*Blackmon v. Ewing,* 231 Ga. 239, 242, supra), and the law makes no provision for the payment of taxes under protest. Therefore, neither the named appellants nor anyone they purported to represent who had paid their taxes prior to the issuance of the trial court's order can recover such payments.

*Colvard v. Ridley,* 219 Ga. 361, supra, did not involve the voluntary payment of taxes. That suit was to enjoin the issuance of tax fi. fas. for unpaid taxes and we held that the payment of taxes could not be enforced upon a digest not approved by the Revenue Commissioner. It did not hold that taxes voluntarily paid could be recovered except under a temporary order of the court. See *Blackmon v. Ewing,* 231 Ga. 239 (2), supra.

However, since the entire tax digest must be voided, the elements necessary to constitute a class and maintain an action in behalf of all those who had not paid their

taxes were sufficiently met by the appellants here. Ga. L. 1966, pp. 609, 632 (Code Ann. § 81A-123).

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter, J., who dissents.*

GUNTER, Justice, dissenting.

The appellants brought this action below for themselves as individual taxpayers of Fannin County and also as representatives of a class, the class consisting of all Fannin County taxpayers for the taxable year 1972.

The 1972 county digest had been submitted to the State Revenue Commissioner for his approval as required by law. Code Ann. § 92-6917. The Revenue Commissioner did not approve the digest as submitted, but he ordered certain adjustments in the digest as authorized by Code Ann. § 92-7001. The county authorities made the adjustments as directed by the Revenue Commissioner as they were required to do pursuant to Code Ann. § 92-7002. On December 6, 1972, the Revenue Commissioner approved the county digest as adjusted by the local authorities in accordance with his order.

This class action was then filed on February 27, 1973, presumably because of this court's decision in *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116), holding that the adjustments ordered by the Revenue Commissioner were not constitutionally permissible, the net result of the *Griggs* decision by this court being to make the 1972 Fannin County digest voidable, because of the constitutionally impermissible adjustments ordered by the Revenue Commissioner.

The trial judge in this case dutifully followed this court's decision in *Griggs* and ruled that the adjustments ordered and contained in the digest approved December 6, 1972, were unconstitutional and "illegal and ineffective as to the plaintiffs in this case." However, the trial court's judgment, although it declared the 1972 digest "illegal and ineffective as to the plaintiffs in this case," afforded no relief to those members of the class (taxpayers of Fannin County) who had paid their 1972 taxes.

The majority of this court has today held that the 1972 Fannin County tax digest was void and that the

named appellants and those members of the class (taxpayers of Fannin County) who have not paid their 1972 taxes are entitled to relief pursuant to a revised and approved 1972 digest for the county. To me, there is nothing fair and equitable about such a decision and such a result.

As I read this record there is no legal and approved 1972 tax digest for Fannin County. It is my understanding of the law of this state that payments made by a taxpayer to a county tax collector pursuant to an illegal and void tax digest are not "voluntary payments of taxes." "Payments of taxes" are payments made by a taxpayer pursuant to a valid and legal digest.

In *Colvard v. Ridley,* 219 Ga. 361, 364 (133 SE2d 364), this court said: "We are of the opinion that taxes may not be collected . . . until the digest has been submitted to the State Revenue Commissioner, approved by him, and returned to the county." That has not been done in this case. Pursuant to this court's rulings, the Fannin County digest approved on December 6, 1972, was a void and illegal digest. Any payments made pursuant to it by any taxpayer were not "voluntary payment of taxes."

Also, in the *Colvard* case, supra, where twenty-eight hundred taxpayers had paid their taxes and seven hundred had not, and where a tax digest had not been legally approved by the Revenue Commissioner, this court held (p. 363) that "there had been no previous assessment, as the prior assessments were null and void." The *Colvard* decision further directed the trial court to modify its judgment "by ordering that the tax commissioner submit the tax digest to the State Revenue Commissioner for his approval as required by law and by further providing that in case any taxes are voluntarily paid prior to approval of the digest by the Commissioner and in case of any change in the digest by the Commissioner resulting in overpayment of taxes due that the overpayment be refunded to such taxpayers."

It is my view that all of the taxpayers of Fannin County for the year 1972 are members of a class entitled to any benefits resulting from this action brought by the appellants as representatives of the class. It is unjust and certainly inequitable to permit some county taxpayers to

benefit from a void digest and deny those benefits to other taxpayers.

This court should do the same thing in this case that it did in *Colvard.* I would reverse the judgment below; I would direct the trial court to enter a judgment requiring the submission of a 1972 digest to the State Revenue Commissioner for approval; and the trial court's judgment should further provide that any payments made prior to the approval of the digest by the Commissioner, to the extent that such payments are in excess of the amounts determined to be due under a valid and legal 1972 digest, are to be refunded to the taxpayers or allowed to them as credits on subsequent tax bills.

I dissented in *Griggs v. Greene,* supra, and I dissented in all subsequent cases birthed by that decision, because it was my view that the adjustments made in the tax digest by the Revenue Commissioner were not constitutionally impermissible. However, since this court has seen fit to hold these adjusted tax digests void, I can see neither the wisdom nor the fairness in permitting some taxpayers to receive economic benefit and others to receive economic detriment by virtue of these void digests. I would require that all 1972 Fannin County taxpayers be treated alike in this case.

I respectfully dissent.