29263. ALEXANDER et al. v. BLACKMON et al.

INGRAM, Justice.

This is the second appearance of this case dealing with the validity of the 1972 ad valorem tax digest of Polk County.

The State Revenue Commissioner originally disapproved the 1972 digest and directed Polk County tax officials to raise assessed real estate values within municipalities of the county by 28 percent and to raise assessments on real estate in the unincorporated area of the county by 46 percent. In addition, all personalty assessments in the county were ordered to be increased by 25 percent.

This action by the State Revenue Commissioner resulted in the present litigation contesting the validity of the factoring increase required under the Revenue Commissioner's order. The trial court held the order to be invalid and directed that plaintiffs and other taxpayers who had not paid their 1972 taxes pay taxes only on the basis of a 25-percent assessment increase on all classes of property. On appeal, this court returned the

case to the trial court for reconsideration in light of this court's decisions in *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138), and *Anderson v. Blackmon,* 232 Ga. 4 (205 SE2d 250). See *Alexander v. Blackmon,* 232 Ga. 9 (205 SE2d 253).

Subsequent to the decision of this court on the prior appeal, the trial court voided the entire 1972 tax digest of Polk County and returned it to the State Revenue Commissioner. In its order, returning the digest to the State Revenue Commissioner, the trial court recommended that a factor of 25 percent be used by the Revenue Commissioner for all classes of property and ordered plaintiffs to pay interest on their taxes from the date the Polk County Tax Commissioner charged interest to taxpayers who had paid their taxes based on the first factored digest. The plaintiffs filed the present appeal from this order of the trial court. *Held:*

1. The trial court correctly decided that the entire 1972 ad valorem tax digest of Polk County must be voided and returned to the State Revenue Commissioner for examination and approval. See *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116); *Anderson v. Blackmon,* 232 Ga. 4, supra; *Colvard v. Ridley,* 219 Ga. 361 (133 SE2d 364); and *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138).

2. The trial court's order recommending that the State Revenue Commissioner use a 25 percent assessment increase factor on all classes of property included in the digest was not error for any reason enumerated. The order does not purport to require the Revenue Commissioner to use the suggested factor but merely recommends its use by the Revenue Commissioner. Thus, it is not a usurpation of the Revenue Commissioner's statutory authority and duty to examine and approve the tax digest. Code Ann. § 92-6917.

3. That portion of the trial court's order requiring plaintiffs to pay interest from the date interest was charged other taxpayers on the first digest must be reversed. Code Ann. § 92-5001 providing for the payment of interest on taxes remaining unpaid after December 20th in each year applies to taxes that are legally due for each year. There can be no taxes legally due for 1972 by plaintiffs, and others similarly situated, until their tax

obligations are based on a valid digest approved by the State Revenue Commissioner. See *Anderson v. Blackmon, supra,* p. 6.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED OCTOBER 15, 1974 — DECIDED NOVEMBER 18, 1974.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General, Wayne W. Gammon,* for appellees.