29874. TAX ASSESSORS OF GORDON COUNTY et al. v. CHITWOOD et al.
29875. CHILIVIS v. CHITWOOD et al.

INGRAM, Justice.

These two appeals are taken from a final judgment of

the Superior Court of Gordon County declaring invalid the 1973 ad valorem tax digest of Gordon County and enjoining the collection of any taxes based upon that digest. The suit was instituted as a class action by five named individuals and the committee for Gordon County Citizens for Fair Taxation on behalf of themselves and other similarly situated ad valorem taxpayers of Gordon County. The county board of tax assessors, the county tax commission, the county commissioners, the county sheriff and the State Revenue Commissioner were named as defendants in the action. Plaintiffs later added by amendment the members of the county board of tax equalization as defendants and prayed that the board be enjoined from hearing, reviewing or ruling upon appeals. The county defendants are the appellants in case No. 29874, and the State Revenue Commissioner is the appellant in case No. 29875. The two appeals have been consolidated and will be decided in this single opinion. We have concluded in it that the trial court's judgment must be reversed.

In substance, the complaint alleged that the State Revenue Commissioner approved the 1973 Gordon County tax digest in violation of Code Ann. § 92-8407.1 "in that the county has undertaken and implemented a complete re-evaluation or re-appraisal program of property and on information and belief, there are presently pending in this year on appeal five (5%) percent of the property or five (5%) percent of the numbers of property"; that the county board of tax assessors did not apply the same standards, measures, or methods of valuations to all property within the county in arriving at the fair market value and this resulted in a lack of uniformity in county assessments; that the tax assessors and/or State Revenue Commissioner adopted a system of arbitrarily assessing for tax purposes and established categories of taxable property at different arbitrary rates none of which were uniform or bore a relationship to fair market value; that the State Revenue Commissioner caused the tax assessors to raise tax assessments in the county by a total of $20,000,000 under notice of possible future disapproval of the 1973 tax digest pursuant to the authority vested in the Revenue Commissioner by Code

Ann. § 92-7001; that this section is unconstitutional in that it provides no method for appeal by the plaintiffs from the order of the Revenue Commissioner; and, that the assessments did not constitute the action of the full board of tax assessors.

The plaintiff's prayers for relief were: that the court declare the 1973 digest void; that the court enjoin the State Revenue Commissioner and tax assessors from seeking to have the valuation of the property of the taxpayers of Gordon County increased and approved by the board and State Revenue Commissioner; that the court enjoin the tax commissioner from collecting 1973 ad valorem taxes; and, that the sheriff be enjoined from levying and selling for delinquent taxes.

In addition to their answers, the defendants filed motions to dismiss on the grounds that: the complaint failed to state a claim; that plaintiffs had an adequate remedy at law in the form of appeal to the board of tax equalization; that plaintiffs did not adequately represent the class of Gordon County ad valorem taxpayers; and, that the court lacked jurisdiction of the subject matter and over the person of the State Revenue Commissioner.

Several hearings were conducted by the trial court. On July 25, 1974, the trial court entered an order temporarily enjoining the county tax commissioner "from collecting from the plaintiffs and the members of the class they represent any ad valorem tax monies for the year 1973 in excess of the amount paid by such taxpayers in the year 1972."

The evidence adduced at the hearings disclosed that the complaint, which had been filed on December 18, 1973, was filed subsequent to the mailing of assessment notices to the taxpayers and subsequent to the approval of the 1973 digest by the State Revenue Commissioner. In addition, evidence introduced in connection with a motion by defendants to dismiss the action for mootness established that as of the date of a December, 1974 hearing 86.93 percent of the Gordon County taxpayers had paid their 1973 taxes and 94.1 percent of the revenue realizable under the 1973 digest had been paid. All other evidence introduced at the hearings related to the procedures utilized by county officials to assess county

real property.

It appears that the Gordon County taxing officials began a complete revaluation of Gordon County lands in January, 1973. As a starting point, the county appraiser, at the direction of the board of tax assessors, adopted a land classification system developed by the Hunnicutt Company for the last valuation of Gordon County land in 1966. According to this system, all county lands had been placed in various categories; each category representing lands which the Hunnicutt Company had determined to be sufficiently similar in character and use to be valued equally, e.g., all A-1 lands (best crop lands) were valued at $110 per acre. The county appraiser in 1973 generally assumed that the 1966 classification of each parcel of land was the proper classification for the parcel in 1973. Consequently, the classifications of only a few parcels of land were changed in 1973.

The county appraiser, on behalf of the board of tax assessors, then proceeded to calculate the fair market value of land within each classification according to three different methods, the sales method, the income method and the cost method, choosing the calculation which, in the opinion of the appraiser, most accurately reflected the worth of the land. As a general rule, the same fair market value per acre was assigned to all parcels within a particular classification.

There was also evidence which tended to show that some classifications contained parcels of land which were not so similar in character and use to be valued equally, and that the values assigned to several parcels were not their actual fair market value.

The final result of the re-evaluation was an increase in the value of the tax digest of $29,000,000, with the greatest part of this increase coming from increases in farm land assessments.

On January 2, 1975, the trial court entered an order holding that the 1973 digest was based upon a systematic subclassification of tangible and real property for the purpose of taxation in violation of the constitutional requirement of uniformity (Code Ann. § 2-5403), and that the tax digest was based upon arbitrary assessments not equal to 40 percent of the fair market value of the property

as required by Code Ann. § 92-5703. The trial court declared the 1973 digest "void and wholly illegal" and enjoined the collection of any taxes based upon that digest. In addition, the trial court ordered that "all taxpayers who have paid their taxes for the year 1973 based upon the 1973 digest, in whole or in part, be allowed a credit on their 1974 and subsequent year ad valorem property taxes paid in excess of a legal assessment and levy based upon a legal digest as approved by the State Revenue Commissioner."

Thereafter, on January 23, 1975, the trial court entered an order modifying, nunc pro tunc, the January 2, 1975 judgment and overruling defendants' motions to dismiss.

The defendant-appellants enumerate as error each finding of fact and conclusion of law of the trial court, and, in addition, raise issues on appeal regarding mootness, laches, class actions, and the credit for subsequent years' taxes ordered by the trial court. It is unnecessary to reach all of these issues as we are of the opinion that plaintiffs have an adequate remedy at law for redress of their grievances.

The county defendants and the State Revenue Commissioner filed motions to dismiss the plaintiffs' complaint on the grounds that the plaintiffs had an adequate remedy at law by appeal to the Board of Tax Equalization of Gordon County. The trial court reserved ruling on these motions until after hearing evidence, thus converting the motions to dismiss into motions for summary judgment. Code Ann. § 81A-112 (b). Accordingly, the burden was upon the defendants to show there was no genuine issue as to any material fact and that they were entitled to a judgment as a matter of law. Code Ann. § 81A-156 (c).

Defendants' evidence regarding the State Revenue Commissioner negated plaintiff's allegations that the commissioner had acted illegally in matters concerning the 1973 Gordon County tax digest. Since plaintiffs introduced no evidence which would tend to support their allegations against the State Revenue Commissioner, summary judgment in his favor would have been appropriate. Code Ann. § 81A-156 (e). The remaining

question for decision is whether plaintiffs have an adequate remedy at law to accommodate their allegations of illegal conduct by the county defendants.

These defendants argue that all of the plaintiffs' attacks on the validity of the 1973 tax digest resolve into a single contention that the valuations of tangible property in Gordon County are not uniform, a deficiency which is expressly within the purview of the tax equalization board's remedial authority. Code Ann. §§ 92-6912 (5) (A) and (4) (B). Plaintiffs, however, seek to distinguish their allegations of non-uniformity from their attacks on the constitutionality of the board of tax assessors' sub-classification of real property and the tax assessors' methods of valuation. Plaintiffs argue that the board of tax equalization has no authority to decide such constitutional questions, or to hold an entire county tax digest void.

The constitutional provision alleged to be violated is Art. VII, Sec. I, Par. III (Code Ann. § 2-5403), which is the provision mandating uniformity of assessment within the taxing unit. Code Ann. § 2-5403 provides as follows: "All taxes shall be levied and collected under general laws and for public purposes only. All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Classes of subjects for taxation of property shall consist of tangible property and one or more classes of intangible personal property including money . . ."

County land assessment procedures, including those that involve subclassification of real property, do not offend this constitutional provision unless they affect the uniformity of tangible property assessments, which under Code Ann. § 92-5703 must be made at 40 percent of fair market value. See, *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116) (1973), in which the use of subclassifications of real property by the State Revenue Commissioner was held to result in a violation of Code Ann. § 2-5403. Therefore, plaintiffs' attacks on specific aspects of the county's assessment procedures are not distinct from their claim of nonuniformity, but rather constitute allegations of the causes of the lack of uniformity in the Gordon County real property assessments.

We think the General Assembly has invested county boards of tax equalization with ample authority to remedy this kind of deficiency in an ad valorem tax digest. Ga. L. 1972, p. 1094 (Code Ann. § 92-6912), which created the county boards of tax equalization to replace the former limited arbitrator system, provides as follows: "Any taxpayer may appeal from an assessment by the board of tax assessors to the county board of equalization as to matters of taxability, uniformity of assessment, and value in the manner herein provided. § 92-6912 (5) (A). If, in the course of determining an appeal, whether or not the appellant has raised such issue, the county board of equalization finds reason to believe that the property involved in the appeal or the class of property in which is included the property involved in the appeal is not uniformly assessed with other property included in the digest, the county board of equalization shall request the respective parties to the appeal to present relevant information with respect to that question. If the board determines that uniformity is not present, the board shall have the power to order the county board of tax assessors to take such action as is necessary to obtain uniformity."

It is quite evident that the final sentence of § 92-6912 (4) (B) constitutes a broad grant of authority to county boards of tax equalization to fashion remedies which are directed to the particular defects of a digest and which are best suited to the achievement of uniformity in a county's tax assessments. This provision would seem to authorize the board to order the entire digest recompiled if "such action . . . is necessary to obtain uniformity."

Plaintiffs argue, nevertheless, that the question of uniformity of a county's tax assessments is a "legal" question which can be determined only by the courts pursuant to Art. VI, Sec. I, Par. I of the Constitution (Code Ann. § 2-3601) which vests all judicial powers in the courts. In effect, plaintiffs contend that Code Ann. §§ 92-6912 (5) (A) and (4) (B) are unconstitutional.

The constitutionality of these statutes was not adjudicated in the trial court. However, we note the Constitution (Code Ann. § 2-3601) does not bar the creation of tribunals for special purposes but rather authorizes the General Assembly to create additional

courts: "[t]he judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, Superior Courts ... and such other courts as have been or may be established by law." See, e.g., *Board of Education of Long County v. Board of Education of Liberty County,* 173 Ga. 203, 208 (159 SE 712) (1931); *Lott v. Board of Education of Hall County,* 164 Ga. 863, 868 (139 SE 722) (1927). Therefore, even if we assume the General Assembly has vested some judicial powers in the county boards of tax equalization, such action is not violative of Art. VI, Sec. I, Par. I of the Georgia Constitution.

The cases relied upon by plaintiffs, in support of their contention (*Hutchins v. Howard,* 211 Ga. 830, 831 (3) (89 SE2d 183) (1955); and, *Green v. Calhoun,* 204 Ga. 550, 551 (4) (50 SE2d 209) (1948)) do not require a contrary result. Those decisions turned upon a construction of the statute creating the system of arbitration, the predecessor of the boards of equalization, and not upon a construction of Code Ann. § 2-3601. Even under the old arbitration system, this court, in 1971, held in *Grafton v. Turner,* 227 Ga. 809 (183 SE2d 458) that arbitration provided an adequate remedy at law for taxpayers who had complained of unequal and unfair assessments resulting from the action of the tax assessors in arbitrarily setting a value of at least $90 per acre for all county land. We hold that the Gordon County Board of Tax Equalization, pursuant to Code Ann. §§ 92-6912 (5) (A) and (4) (B), has full authority to fashion an adequate and appropriate legal remedy to redress all of the plaintiffs' grievances regarding the valuation of individual parcels of land and the uniformity of the county tax assessments. Therefore, it was not necessary for the superior court to exercise its equitable jurisdiction to hear and decide the issues in this case.

The cases of *Alexander v. Blackmon,* 233 Ga. 235 (210 SE2d 736); *Anderson v. Blackmon,* 232 Ga. 4 (205 SE2d 250); *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138); and *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116), do not require a different result here. Those cases held taxpayers were entitled to injunctive relief to prevent county tax officials from placing into effect an order of the State Revenue Commissioner which was found violative of

Code Ann. § 2-5403 (the constitutional uniformity provision). The process of equalization at the state level is not at issue in the present case. The issue we decide in this case was not confronted in these earlier cases. We conclude that Code Ann. § 92-6912 does provide an adequate remedy for the failure at the county level to obtain uniformity of assessment between individual taxpayers.

*Judgment reversed. All the Justices concur, except Gunter and Jordan, JJ., who concur in the judgment only.*

ARGUED MAY 12, 1975 — DECIDED SEPTEMBER 2, 1975 —
REHEARING DENIED SEPTEMBER 16, 1975.

*Chance, Maddox & Jones, R. F. Chance, Howard W. Jones,* for Gordon County et al.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General,* for Chilivis.

*Langford, Pope & Bailey, James B. Langford, R. Thomas Pope, William P. Bailey, Erwin Mitchell,* for appellees.