30561, 30562. CHILIVIS et al. v. BACKUS et al.; and vice versa.

JORDAN, Justice.

The State Revenue Commissioner, tax officials of Glynn County, and the Commissioners of the City of Brunswick appeal from the grant of a partial summary judgment and injunctive relief to certain taxpayers. The taxpayers appeal from rulings adverse to them in the summary judgment.

The first count of the complaint of the taxpayers, which is the basis of the rulings in these appeals, attacked the validity and constitutionality of the 1974 Glynn County Tax Digest, and sought injunctive relief against its completion and implementation.

The trial judge granted interlocutory injunction which, as modified, enjoined the completion and implementation of the 1974 digest and the hearings on pending appeals to the county board of equalization, but allowed the county to collect taxes on a specified basis.

Both parties moved for summary judgment, and after considering evidence, the trial judge granted partial summary judgment to both parties, and made the interlocutory injunction permanent except as modified by the rulings on summary judgment.

The summary judgment order made the following declarations of the rights of the parties:

(1) The written notices of changes in the assessments of taxpayers were given within the time required by law.

(2) The notices sent the taxpayers were defective. These defective notices do not nullify the entire digest, but only the 1974 assessment of the taxpayers receiving the notices. These notices cannot be corrected and the tax assessors are enjoined from sending corrected notices.

(3) (A) Summary judgment is denied the taxpayers

on their contention that the uniformity of taxation provision of the Constitution requires that only one method be used in determining fair market value for all tangible property.

(B) The Board of Tax Assessors in determining the fair market value of tangible property utilized, among other considerations, the methodology reflected in paragraphs 14-21 of the contract entered into between Glynn County and H. L. Yoh Company, which methodology was initiated, adopted, and used by the board. The board thus created an unconstitutional classification of tangible property, and summary judgment is granted to the plaintiff taxpayers, and all who intervene, whose property has been so classified by the board.

(4) (A) Code §§ 92-5701, 92-5702 (as amended by Ga. L. 1968, p. 358), and 92-5703 (as amended by Ga. L. 1968, pp. 358, 359; 1972, p. 1102) are not unconstitutional for the reason alleged, that the term "fair market value" is too vague and indefinite.

(B) There is no merit in the contention that Code Ann. § 92-6911 (Ga. L. 1971, p. 33; 1972, pp. 1114, 1118; 1974, p. 609), which contains the words "just and fair valuation" repeals by implication Code §§ 92-5701, 92-5702, as amended, and 92-5703, as amended, containing the words "fair market value."

(C) The tax assessors must consider only the actual present use of the property, and if the "highest and best use" of the property is different from its actual present use, then the only permissible criteria in establishing fair market value is the actual present use.

(5) The taxpayers have an adequate and complete remedy at law under Code Ann. § 92-6912 (Ga. L. 1972, pp. 1094, 1095; 1973, pp. 709, 710; 1974, pp. 609, 610) for their contention that the digest lacks the uniformity required under the Constitution.

(6) The motion to dismiss the State Revenue Commissioner is denied.

Under the rulings in *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), the trial judge correctly held in division (5) of the summary judgment that the taxpayers have an adequate and complete remedy at law

by appeal to the county board of equalization for their contention that the digest lacks the uniformity required by the Constitution.

It is apparent that the judge intended this ruling to have a very limited scope, since he made rulings on the validity of notices sent by the tax assessors informing taxpayers of changes in the valuations of their properties. Such matters should be litigated in the appeals to the county board of equalization. However, we concur with the ruling of the judge in division (1) that the notices were given within the time allowed by law. *Register v. Langdale,* 226 Ga. 82, 86 (3) (172 SE2d 620) (1970). The trial judge clearly erred in division (2) in enjoining the tax assessors from sending corrected notices to any taxpayers receiving defective notices. See *Cox v. Blackmon,* 230 Ga. 275 (196 SE2d 403) (1973). This injunction must be vacated.

In division (3) (A) of the summary judgment the trial judge correctly ruled against the taxpayers' contention that it was not permissible under the uniformity of taxation provision of the Constitution to apply different methods of arriving at the fair market value of tangible property. *Wade v. Ray,* 234 Ga. 234 (214 SE2d 923) (1975).

The judge erred in division (3) (B) of the summary judgment in holding that the board created an unconstitutional classification of tangible property by utilizing, among other considerations, the methods of arriving at fair market value indicated by the contract with the Yoh Company. The object of the assessors must be to determine the fair market value of the property subject to taxation in the county and the methods employed may be varied if the object is attained. The question of whether true market value as to individual property owners has been attained must be decided in the appeals to the county board of equalization.

The trial judge properly held in division (4) (A) that the term "fair market value" is not too vague and indefinite to be enforced; and in division (4) (B) that the Code sections setting up the standard of "fair market value" have not been repealed by implication.

In division (4) (C) the judge held that the tax assessors must consider only the actual present use of the

property. At the time the complaint was filed the definition of "fair market value" was "the value which would be realized therefrom by cash sale, as such property and subjects are usually sold, but not by forced sale thereof." Code § 92-5702, as amended by Ga. L. 1968, p. 358. (In 1975 the General Assembly amended this section by adding certain criteria which shall be considered in determining fair market value. See Ga. L. 1975, p. 96).

While "actual use" of property is one determinative factor in finding fair market value, it is not the exclusive factor. The "highest and best use" of property would be a factor only if it would reflect the amount that would be realized from a cash sale of the property. The trial judge erred in confining the consideration to actual use alone.

The denial of the motion to dismiss the State Revenue Commissioner, in division (6) of the summary judgment, was error. The taxpayers were not entitled to enjoin the completion of the 1974 digest. The only relief sought against the State Revenue Commissioner was that he be enjoined from approving the 1974 digest when it is submitted to him. It was therefore error to refuse to dismiss him as a party.

It is ordered that the injunction against the completion of the digest be dissolved, without prejudice to the rights of the taxpayers to pursue their appeals before the county board of equalization.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED NOVEMBER 18, 1975 — DECIDED JANUARY 27, 1976.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General, Taylor, Bishop & Lee, James A. Bishop, Thomas J. Lee, Cowart, Sapp & Gale, Robert A. Sapp,* for appellants.

*Miller, Beckmann & Simpson, John B. Miller, Bennet, Gilbert, Gilbert & Whittle, Harrell & Gayner, John M. Gayner, III,* for appellees.