EIBEL *v.* FORRESTER, commissioner, *et al.*

No. 14238.   SEPTEMBER 15, 1942.

*Herman Talmadge, Alex McLennan, C. N. Davie, R. E. Church,* and *Swift, Pease, Davidson, Swinson & Chapman,* for plaintiff.

*Hirsch, Smith, Kilpatrick, Clay & Cody,* as amici curiæ.

*Ellis G. Arnall, attorney-general, Claude Shaw,* and *Andrew J. Tuten,.* contra.

GRICE, Justice. In order to sustain the right of the plaintiff to sue for this refund, it is necessary to give a retrospective construction to subsection (a) of section 34 of the act approved January 3, 1938, supra; for the taxes here involved were paid some years before the passage of that act. "Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation." Code, § 102-104. The settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it. *Bussey* v. *Bishop,* 169 *Ga.* 251 (150 S. E. 78); *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861, 869 (193 S. E. 770). Nothing in the language of the act requires such a construction. Indeed the words, "to refund to taxpayers any and all such taxes which may be determined to have been erroneously or illegally assessed and collected," etc., might well have been employed to express the idea that the legislature was looking to the future, not to the past. Unless the general rule be applied, it would be necessary to hold, not only that the lawmakers intended by the expression "which may be determined to have been erroneously" collected, to mean "which have been or may be determined," etc., but that the language imperatively requires such a construction. The fact that the Governor in his message recommended that legislation be enacted so as to include the plaintiff's claim can not read into the legislation any language which imperatively requires that it be given a retroactive construction.

There is a further consideration which leads to the view that the act was intended to operate only in the future, to wit, "appropriated from the proceeds of every tax and license imposed by law of a sum sufficient to refund to taxpayers," etc. Obviously the legislature would not have provided such guaranty without also providing funds for payment of the sums recovered, and it would be legally impossible to make such an appropriation from taxes that had been collected in the distant past and exhausted by meeting other appropriations for the expense of the government.

The lawmakers evidently intended for payment of such claims only out of funds which the act itself created, and the creation provided necessarily looks to the future.

What is perhaps even a stronger reason for the construction here adopted: This is a suit against the State. Without its consent the

State can not be sued at all. In *Roberts* v. *Barwick,* 187 *Ga.* 691 (1 S. E. 2d, 714), the majority of this court held that the State can not be sued in any event without its express consent. One Justice concurred specially, being of the opinion that its consent could be given by clear implication. Measure the plaintiff's case by either yardstick, and it can not be said that, as to taxes paid under laws declared void before the passage of the act here relied on, the State consented to be sued. That in some cases the legislature intended to give consent is apparent; but this consent can not be enlarged by implication, as would have to be done in order to sustain the plaintiff's contention.

The demurrer attacks the act of 1938, supra, on two separate constitutional grounds which appear to be quite serious; but the ruling already made is controlling, and hence its constitutionality will not be passed upon. *Sumter County* v. *Allen,* 193 *Ga.* 171, 173 (17 S. E. 2d, 567), and cit.

*Judgment affirmed. All the Justices concur.*