## 48768. HERRING et al. v. FERRELL et al.

DEEN, Judge. This is an action by five taxpayers of Grady County seeking a declaratory judgment that the assessments and levies of ad valorem taxes for the year 1972 are null and void and for other relief. The named defendants are the persons filling the offices of tax assessors, county commissioners, tax commissioner and State Revenue Commissioner. The trial judge entered a meticulous and well reasoned interlocutory order in an effort to do complete justice to all parties, and thereafter, based on such order, denied the plaintiffs' motion for summary judgment. In so doing he commented that "this judgment will not be totally pleasing to any of the parties, which may be a test of its soundness but there again nothing about taxes is ever pleasant, and this has been true since the Roman tax gatherers were the scourge of the Holy Land many centuries ago." Denial of the motion for summary judgment and various parts of the interlocutory order are enumerated as error. *Held:*

1. This case is largely controlled, as the trial court recognized, by *Griggs v. Greene* and *Blackmon v. Brasington,* 230 Ga. 257 (197 SE2d 116). Under that decision the action of the State Revenue Commissioner here in disapproving the county's ad valorem tax digest for the year 1972 and directing the valuations of all real property located outside municipalities to be subjected to a 77% increase, and of personal property outside municipal limits to be subjected to a 25% increase, except for bank notes and motor vehicles, which were to remain unchanged — such a factoring method has the result of creating impermissible subclasses of taxable property. "§§ 92-7001 through 92-7002.1 of Code Ann. do not either expressly or impliedly require or authorize the subclassification of tangible property for tax purposes and the orders of the State Revenue Commissioner which directed percentage adjustments in varying percentages as to certain parts of the respective tax digests with respect to tangible property but not with respect to all the tangible property on said digests amounted to sub-classification of such tangible property for tax purposes contrary to law and contrary to the Constitution of this state. Said orders were, therefore, illegal, and the trial court in each case properly enjoined their enforcement." Id., Headnote 3. The trial court should have granted the plaintiffs' motion for summary judgment declaring the tax digest void as to them.

It is not entirely clear from the *Griggs* decision whether it would have been legal for the State Revenue Commissioner to direct percentage adjustments in the tax digests as to *all* tangible property listed. If this also would amount to an illegal classification it appears that the duties and powers enumerated in Code Ann. § 92-7001 have been drastically limited.

2. The court further held that the action by these five taxpayers is not a class action for a number of reasons — that no plaintiff from within municipal limits is included, that homestead exemptions have been returned in various ways and with various effects, that a substantial discrimination between farm and residential owners would remain, and so on. We incline to the view that the court was correct in analyzing the situation. However, the truth of the matter is that with few exceptions, practically all taxpayers who would be affected by a holding that this is a class action have in fact paid their 1972 taxes. Taxes paid prior to a protective order under the situation prevailing here must be deemed voluntary and not recoverable. *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138).

3. From all of the evidence in the record before us, it appears not only that the Revenue Commissioner illegally factored the tax digest of Grady County outside the limits of the municipalities into impermissible subclassifications, but that the county tax assessors and the plaintiffs themselves failed to return the property involved at fair market value, which is defined in Code Ann. § 92-5702 as "the value which would be realized therefrom by cash sale, as such property and subjects are usually sold, but not by forced sale thereof" and "what the property and subjects would bring at cash sale when sold in the manner in which such property and subjects are usually sold." Code Ann. § 92-5703 (Ga. L. 1968, pp. 358, 359) provides that all property "shall be returned by the taxpayers as provided by law at its fair market value," and "shall be assessed at 40 percent of said fair market value and taxed according to said 40 percent of its fair market value on a levy made by each respective taxing jurisdiction . . . It is the intent and purpose of the General Assembly of this State that the value of tangible property as referred to in the tax laws of this State shall be 40 percent of the fair market value of such property."

Under Code Ann. § 92-6911: "It shall be the duty of the board [of tax assessors] to see that all taxable property within the county is assessed and returned at its just and fair valuation and that

valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." This is done with notice to the taxpayer, who may if he wishes demand arbitration, but both the correction and the equalization is a function of the board of tax assessors. There is also (Code Ann. § 92-6912) a county board of equalization for the purpose of hearing appeals from assessments, from whose decision there lies an appeal to the superior court, and this appeal constitutes a de novo action. It was the opinion of the trial court here that, since these plaintiffs, if they were not satisfied with the outcome of their case at some lower level, would eventually end up on the question of valuation (market value) before a Grady County jury, and he therefore denied the motion for summary judgment.

We take this judgment to be erroneous. In Grady as many other counties of this state there has been a widespread historical practice of valuing both real and personal property at much less than market value, and assessing it at 40% or less of this decimated value, which has resulted in gross inequalities between, for example, parcels of land subject to homestead exemption in rural versus urban areas as well as counties which demanded 100% valuation as opposed to those who accepted thirty or forty percent. This was the situation which the Revenue Commissioner attempted to rectify, and which the Supreme Court held he could not do.

These plaintiffs are entitled to summary judgment adjudicating not only that the factored modifications of the tax digest as found by the Revenue Commissioner are void but that the original assessments compiled at the county level are also illegal and void because not based on market value. The plaintiffs chose by amendment, after the trial court entered its interlocutory order, to remove from the petition all allegations relative to market value. Trial on the issue of value only would be premature until a new assessment has been made, and the code procedure followed, determining the amount of tax due by these taxpayers.

The trial court erred in denying to the plaintiffs a summary judgment as to the issues herein set out.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED NOVEMBER 28, 1973 — REHEARING DENIED DECEMBER 14, 1973 —

*Alexander, Vann & Lilly, Roy M. Lilly, Thomas K. Vann, Jr.,* for appellants.

*Carlisle & Chason, Willard H. Chason, Arthur K. Bolton, Attorney General, Richard L. Chambers, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General,* for appellees.