### 28671. HERRING v. FERRELL.

JORDAN, Justice.

This case is here on writ of certiorari to the Court of Appeals. See *Herring v. Ferrell,* 130 Ga. App. 431 (203 SE2d 617).

In October, 1972, five persons, including petitioner Herring, brought an action on their own behalf and on behalf of all other taxpayers of Grady County who were similarly situated. They sought a judgment declaring the ad valorem tax digest void because it had been factored by the State Revenue Commissioner. On April 2 the trial judge entered an order which held inter alia that this was not a class action. The trial court further stated: "We reaffirm and make a part of this judgment the stipulation and announcement which was made in open court as to the plaintiffs [on December 4, 1972] that they could pay their 1972 state and county taxes, as due on December 20, 1972,...Without prejudice to any rights they might have in the litigation, and with right of refund to any sum in excess of his liability as finally determined and that such payments would not be considered voluntary."

The trial judge denied petitioner's motion for summary judgment, and the Court of Appeals reversed on the basis of *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116). As to the class action feature of the case the effect of the Court of Appeals decision was to affirm the trial court's holding that it was not a class action. On review, we are concerned only with the class action question. *Held:*

1. This is a class action. This case is controlled by *Anderson v. Blackmon,* 232 Ga. 4 (205 SE2d 250) where we held that a proper class action was presented in a similar taxpayer's suit. Although facts as to the value of individual parcels or realty may vary considerably, the gravamen of petitioner's complaint is that the action taken by the Revenue Commissioner was illegal as applied to every taxpayer. "The character of the right sought to be enforced may be common although the facts may be different as to each member of the alleged class. The rights may be several in that each member of the alleged class is dependent upon a different factual situation to establish his right to prevail, yet they may be of a common character." *Georgia Investment Co. v. Norman,* 229 Ga. 160, 162 (190 SE2d 48).

2. All payments of taxes made prior to the trial court's protective order are voluntary and cannot be recovered. *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138). As to those who paid subsequent to the order, *Anderson,* supra, is again controlling. In that case, the trial court found that no proper class action was presented, and entered an order which was limited to "any plaintiff in this suit," effectively protecting only the named plaintiffs. The existence of the order was witness to the fact that the trial court intended to protect those persons entitled to protection. This court reversed the trial court and held that since the entire digest was to be voided, the elements necessary to constitute a class and maintain an action in behalf of *all* those who had not paid their taxes was sufficiently met.

3. Since this is a class action, it is necessary to establish the effective date of the trial court's protective order. Here, the protective order was made orally on December 4, 1972, and was reaffirmed in the written

order of April 2, 1973. Where, as here, the trial court, in the exercise of its equitable powers, recites the previous oral order, and reaffirms that order in writing, the order is effective as of the former date, which in the present case was December 4, 1972.

4. We affirm that portion of the Court of Appeals opinion which reversed the trial court's denial of petitioner's motion for summary judgment.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter and Hall, JJ., who dissent.*

ARGUED JULY 8, 1974 — DECIDED
OCTOBER 8, 1974.

*Alexander, Vann & Lilly, Roy M. Lilly, Thomas K. Vann, Jr.,* for appellants.

*Carlisle & Chason, Willard H. Chason, Arthur K. Bolton, Attorney General, Richard L. Chambers, Gary B. Andrews, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellees.

HALL, Justice, dissenting.

I dissent to the ruling in Division 2 of the majority opinion that the judgment in this class action cannot be applicable to certain members of the class. The confusion grows out of the term "class action" and the results that flow from a judgment in this type of suit.

Historically, equity has had jurisdiction over a bill of peace (one suit in equity taking the place of many suits at law). This remedy has been recognized in Georgia by both decisions of this court and in the Code. *Bates v. Houston,* 66 Ga. 198; *Macon & B. R. Co. v. Gibson,* 85 Ga. 1 (11 SE 442, 21 ASR 135); *O'Jay Spread Co. v. Hicks,* 185 Ga. 507 (195 SE 564); Code §§ 37-1001, 37-1002 and 37-1007. A taxpayers' suit was a typical case for this relief. "The question of whether a bill of peace will lie or not is directly involved where taxpayers join in an action for themselves and others affected to restrain the enforcement of an illegal tax or assessment. The courts

have held that the action will lie as a bill of peace, an injunction restraining the admittedly illegal tax eliminating the need of the many suits . . . The same trial and a single decree common to all settles the controversy in a single action without added difficulty or inconvenience arising from the number of the parties." Walsh, A Treatise on Equity, pp. 558-559. "By the great weight of authority, several taxpayers affected in a similar manner by an illegal tax or license fee may join in a proceeding in equity to restrain the enforcement of the tax and for such other relief as the nature of the case presented may require, provided it is common to all of them." *McIntyre v. Harrison,* 172 Ga. 65, 73 (157 SE 499). "The common right referred to may consist of a joint interest in the cause of action declared upon, or of separate interests in the particular subject matter of the suit." *White v. North Ga. Electric Co.,* 128 Ga. 539, 541 (58 SE 33). It is clear therefore that the taxpayers had a right to bring a class action in a traditional equity suit on behalf of all taxpayers in Grady County to enjoin the allegedly void tax digest.

Does a similar remedy now lie at law in an action for declaratory judgment? The answer lies in the proper construction of the CPA (Code Ann. § 81A-123). This section was patterned after the pre-1966 version of the Federal Rules of Civil Procedure except that Rule 23 (a) (3) of the Federal Rules was not included in the CPA. Federal Rule 23 made the former equitable rules of class actions and joinder applicable to all civil actions whether at "law" or in "equity." Under the pre-1966 version of Rule 23, "there were three types of class actions, commonly known as true, hybrid, and spurious. All three types involved a class of persons which was so numerous as to make it impracticable to bring them all before the court so that a suit by or against the class could be brought on behalf of or against one or more members of the class who would fairly and adequately represent the whole class. This same principle of numerosity, impracticability of joinder, and adequate representation is carried forward in subdivision (a) of the revised rule. The true class suit involved principles of compulsory joinder and rights of a joint, common, or secondary

character; and a judgment, whether favorable or unfavorable, was res judicata as to the class. The hybrid class suit involved rights of a several character, where the object of the action was the adjudication of claims which do or may affect specific property involved in the action; and the judgment was conclusive as to those rights insofar as they affected the property. The spurious class suit dealt with rights of a several character where there was a common question of law or fact; and the judgment was binding only upon the original parties (and their privies) and those who intervened and became parties." 3B Moore, Federal Practice (2d Ed.), § 23.02-1, p. 23-121. "The 'true class suit' is one wherein, but for the class action device, the joinder of all interested persons would be essential. This would be in cases where the right sought to be enforced was joint, common or derivative . . . [In the hybrid class suit] though the class had a mutuality of interests in the question involved, still the rights of the members of the class were neither joint nor common; they were several. In addition to the question of fact common to all, there was, in lieu of joint or common interests, the presence of property which called for distribution or management . . . The spurious class suit was a permissive joinder device. The presence of numerous persons interested in a common question of law or fact warranted its use by persons desiring to clean up a litigious situation... There was no jural relationship between the members of the class; unlike, for example, the members of an unincorporated association, they had taken no steps to create a legal relationship among themselves. They were not fellow travelers by agreement. The right or liability of each was distinct. The class was formed solely by the presence of a common question of law or fact. When a suit was brought by or against such a class, it was merely an invitation to joinder—an invitation to become a fellow traveler in the litigation, which might or might not be accepted. It was an invitation and not a command performance." Moore, supra, §§ 23.08, 23.09, 23.10, pp. 23-2505, 23-2571, 23-2601. See also Zahn v. International Paper Co., 414 U. S. 291 (94 SC 505, 38 LE2d 511).

While the legislature in adopting the CPA omitted

the so-called "spurious" class action by failing to include Section 23 (a) (3) of the pre-1966 Federal rules, it has been said that this court wrote it back into the Act in *Georgia Investment Co. v. Norman,* 229 Ga. 160 (190 SE2d 48). See Beaird and Ellington, Trial Practice and Procedure, 25 Mercer L. Rev. 265, 299; Hunter, Class Actions, 24 Mercer L. Rev. 447. In view of the fact that a "spurious" class suit is merely an invitation to joinder its absence in the statute is immaterial for the reason that the specific terms of invitation are spelled out in Code Ann. § 81A-124 on Intervention.

In any event the possible controversy over "spurious" class actions is not present here. "A taxpayers' action is essentially a class action by one or several members of a class of taxpayers, on behalf of themselves and all others in the class, upon a ground which is common to all the members of the class . . . The derivative nature of the action is brought out clearly in the rationale of the theory by which taxpayers' suits are maintainable as being analogous to shareholders' suits . . . Inasmuch as a taxpayer's action is a class suit or a representative suit, the general rules as to class actions are applicable." 74 AmJur2d 184, 262, Taxpayers' Actions, §§ 2 and 49.

The plaintiffs' suit for declaratory relief in this case is a taxpayers' action on their own behalf and on behalf of all other taxpayers of Grady County who were similarly situated—a judgment declaring the ad valorem tax digest void because it had been factored by the State Revenue Commissioner. This court has affirmed a decision of the Court of Appeals making this declaration. *Herring v. Ferrell,* 130 Ga. App. 431 (203 SE2d 617). In my opinion, this suit was a "true" class action under Code Ann. § 81A-123 (a) (1) and is applicable to all payments of taxes whether prior or subsequent to the trial court's protective order. See Class Suit — Community of Interests, 132 ALR 749, 754. Where the suit is a "true" class action, there is no dispute on the doctrine that the judgment is res judicata to all persons in the class regardless of whether they join as parties. Deckert v. Independence Shares Corp., 311 U. S. 282 (61 SC 229, 85 LE 189). If this is a "spurious" rather than a "true" class

action, the only persons to whom the suit would be applicable are those who intervene as parties. In other words, the applicability of the judgment is dependent upon the *type* of class action involved in the suit rather than the time of any so-called protective order.

It should be noted that the present section of the CPA on class actions is fraught with difficulties—the same difficulties that led to the new Federal Rule 23 that was adopted in 1966. See Moore, supra, pp. 23-22 through 23-24. The Advisory Committee Note accompanying the 1966 revision of Rule 23 states that the revised Rule "describes in more practical terms the occasions for maintaining class actions; provides that all class actions maintained to the end as such will result in judgments including those whom the courts find to be members of the class, whether or not the judgment is favorable to the class; and refers to the measures which can be taken to assure the fair conduct of these actions." 39 FRD 98, 99. My hope is that the General Assembly will in its wisdom see fit to adopt Revised Federal Rule 23 in the immediate future.

I respectfully dissent.