30090. TOWN OF LYERLY et al. v. SHORT et al.

UNDERCOFLER, Presiding Justice.

L. C. Short and other complainants own property located near the corporate limits of the Town of Lyerly and prior to 1974 had not been assessed for municipal taxes. In 1974 the Town of Lyerly had a new survey made to determine the location of its corporate limits, determined that the property of the complainants was located within the corporate limits, and billed them for 1973 and 1974 taxes. The taxes were paid under protest and this complaint was filed seeking to permanently enjoin the town from collecting taxes on their property. The complainants contend that their property is not within the corporate limits because the purported new survey was inaccurate and that ten mill tax levy is not authorized by law.

The town stipulated that for the past several years its tax levy for ordinary current expenses has been ten mills upon the county digest assessment of forty per cent of fair market value and that the complainants had not been billed for taxes prior to the 1974 survey.

After an interlocutory hearing, the trial court found that insufficient evidence was presented on which it could determine whether an interlocutory injunction should be issued on the question of the corporate limits; enjoined the collection of taxes by the Town of Lyerly in excess of one-half of one per cent on the forty per cent assessed value of property; and enjoined the Town of Lyerly from collecting taxes from complainants for the past seven years because they were illegal.

The appeal is from this judgment. *Held:*

1. The Town of Lyerly contends that the trial court erred in limiting its tax assessment to one-half of one per cent on a forty per cent assessed valuation of property.

Code Ann. § 92-5703 provides: "All tangible property subject to taxation by the State, any county, or any other taxing jurisdiction shall be returned by the taxpayers as provided by law at its fair market value, and shall be assessed at forty per cent (40%) of said fair market value and taxed according to said forty per cent (40%) of its fair market value on a levy made by each respective taxing jurisdiction. . . It is the intent and purpose of the General Assembly of this State that the value of tangible property as referred to in the tax laws of this State shall be forty per cent (40%) of the fair market value of such property. The requirement contained herein that all municipal corporations assess at forty per cent (40%) of fair market value shall not apply to any municipal corporation whose ratio of assessed value to fair market value exceed forty per cent (40%) for the tax year 1971 . . ." Ga. L. 1972, p. 1102.

Code Ann. § 92-4001 provides: "The provisions of any municipal charter to the contrary notwithstanding, in determining the fair market value of property within their respective taxing jurisdictions for purposes of ad valorem property taxation, municipalities shall use the fair market value finally determined for said property for county ad valorem property taxation purposes. . ." Ga. L. 1974, p. 1206.

Code § 92-4101 provides: "No municipal corporation shall levy or collect for the ordinary current expenses of said corporation, except as hereinafter provided, any ad valorem tax upon the property within said corporation, exceeding one-half of one per cent upon the value of said property, any charter of said corporation to the contrary notwithstanding. . ."

Under these Code sections, the trial court correctly held that the municipal corporation was limited in ad valorem taxation to one-half of one per cent on a forty per cent assessed valuation of the property.

The Town of Lyerly contends, however, that Code § 92-4004 requires a different result. Code § 92-4004 provides: "The board of tax assessors in each mu-

nicipality, which has such a board pursuant to the charter of such municipality, shall use as the basis for fair market value of property subject to both municipal and county ad valorem taxation the 100 per cent fair market value determined for the property for county ad valorem tax purposes before being reduced to the forty per cent assessed value required by law for county ad valorem taxation purposes. . ." Ga. L. 1974, pp. 1206, 1207.

Code § 92-4004 applies to municipalities which have a board of tax assessors pursuant to their charters. The charter of the Town of Lyerly, as amended, does not provide for a board of tax assessors and the provisions of this section are inapplicable to it. Ga. L. 1890—1, p. 814; 1898, p. 220; 1947, 722. It follows that the trial court correctly ruled on the tax assessment of the municipality.

2. The trial court enjoined the municipality from retaining the excessive taxes which it had collected from the appellees. Under Code § 20-1007 the payment of these taxes under protest was considered a voluntary payment and could not be recovered. *Blackmon v. Ewing,* 231 Ga. 239 (201 SE2d 138); *Herring v. Ferrell,* 233 Ga. 1 (2) (209 SE2d 599). However, the 1975 General Assembly of Georgia enacted Code Ch. 92-39A which provided for refunds of taxes and license fees which have been erroneously or illegally assessed and collected by counties and municipalities. Ga. L. 1975, p. 774. This statute is effective on July 1, 1975. Code Ann. § 102-111 (Ga. L. 1968, pp. 1364, 1365; 1969, p. 7).

Can the 1975 statute be given a retrospective construction? "Laws prescribe only for the future; they can not impair the obligation of contracts, nor, usually, have a retrospective operation." Code § 102-104. The settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires it. *Bussey v. Bishop,* 169 Ga. 251 (150 SE 78); *Walker County Fertilizer Co. v. Napier,* 184 Ga. 861, 869 (193 SE 770). There is nothing in the language of this statute which requires such a construction and the Act is not a remedial Act. "A remedial Act serves to change the method or procedure through which *a right* may be asserted or enforced, the modus operandi, but does not divest, curtail or prevent the

enjoyment of a valid vested property right of one coming within the orbit of its operation. *Searcy v. Stubbs,* 12 Ga. 437, 439; *Darby v. Cook,* 201 Ga. 309, 310 (39 SE2d 665). Since to give a statute affecting substantial rights a retroactive application would violate the constitutional prohibition against retroactive laws, Art. I, Sec. III, Par. II of the Georgia Constitution . . . , the rule is applicable: 'every law must be given an interpretation, if its terms will permit, that renders it valid rather than invalid.' *Hill v. Busbia,* 117 Ga. 781, 782 (125 SE2d 34)." (Emphasis supplied.) *Turman v. Mabry,* 221 Ga. 153 (143 SE2d 645). Therefore, we construe the legislative intent to make the Act of 1975 applicable only to taxes paid after its effective date of July 1, 1975. *Eibel v. Forrester,* 194 Ga. 439 (22 SE2d 96).

The trial court erred in enjoining the municipality from retaining the excessive taxes which it had collected from the appellees.

3. The complainants contend that when a new survey of the corporate limits of a municipality is made which finds for the first time that property is within the corporate limits of the municipality, the municipality is barred from collecting municipal taxes for the seven-year period prior to the survey. The complainants argue that the municipality has acquiesced in their contention that the property is not within the corporation and has provided them with no services.

Acquiescence of the town for many years that these property owners were not within the corporate limits does not estop the town from ascertaining and fixing the boundaries of the town as provided in its charter by a new survey. *Martin v. City of Gainesville,* 126 Ga. 577 (1) (55 SE 499). However, under the circumstances here where the boundaries were acquiesced in by the town and the property owners for over 75 years, we hold that taxes levied upon the property included within the town limits by virtue of a new survey can only operate prospectively.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hall and Hill, JJ., who concur specially and Gunter, J., who dissents.*

ARGUED JULY 7, 1975 —DECIDED SEPTEMBER 2, 1975.

*Robert Edward Surles,* for appellants.

*Farrar & Farrar, Archibald A. Farrar, Sr.,* for appellees.

HILL, Justice, concurring specially.

I concur in the judgment of the court but I am unable to concur in Division 2 of the court's opinion.

In my view, the 1975 Act, Ga. L. 1975, p. 774, Code Ch. 92-39A, remedying an injustice to taxpayers, is a remedial Act which should be given retroactive application. A city has no vested or constitutional right to retain taxes illegally collected.

The case of *Eibel v. Forrester,* 194 Ga. 439 (22 SE2d 96), is distinguishable. The Act considered in *Eibel* was a comprehensive revision of tax administration laws. Pursuant to that 1938 revision, Mr. Eibel sued for refund of taxes paid in 1928 and '29. The section of the 1938 Act he relied upon was general in nature.

Conversely, the 1975 Act here in issue deals only with refunds. It begins by saying: "Each county and municipal corporation of this State is hereby authorized to refund. . . " As I read it, this Act would authorize such refunds to be made on and after July 1, 1975, of taxes paid during the preceding year. Code § 92-3902A.

However, even under this interpretation of the 1975 Act, prior to filing suit for refund a taxpayer would be required to file a claim for refund pursuant to the Act within one year of payment. This suit was filed even prior to passage of the Act. Having filed no such claim for refund prior to filing this suit, the 1975 Act is not available to the taxpayers in this case.

Therefore, while I am unable to agree with Division 2 of the court's opinion, I concur in the judgment of the court.

I am authorized to state that Justice Hall concurs in this special concurrence.