51209. HERRING et al. v. FERRELL et al.

CLARK, Judge.

The instant appeal in a taxpayers suit attacking the 1972 tax digest of Grady County represents a difference between counsel and the trial judge as to the interpretation of language in the opinions rendered by our two appellate courts in previous appeals. The four previous opinions are all entitled *Herring v. Ferrell.* They are to be found respectively in 130 Ga. App. 431 (203 SE2d 617), 233 Ga. 1 (209 SE2d 599), (conformed to in 133 Ga. App. 445 (211 SE2d 366) upon partial reversal of the first appeal), and 234 Ga. 620 (216 SE2d 862). In referring to them we will do so chronologically as *Herring I, Herring II, Herring III* and *Herring IV.* (It should be noted this latest appeal is being handled by a different panel of judges than that which decided *Herring II;* this is in

accordance with our court's strict rotation assignment system.)

Upon the remittitur from *Herring III* reaching the trial court, counsel for the appellant taxpayers submitted a decree representing their interpretation of the language of *Herring I* and *Herring II.* Having reached a different conclusion as to the construction of these two decisions, the erudite jurist below drafted his final judgment which appellees' counsel describes as being "a more simple and equitable scheme to resolve this matter than possibly any other method." In doing so, he again draws from this court the same compliment as was expressed in *Herring I:* "The trial judge entered a meticulous and well reasoned interlocutory order in an effort to do complete justice to all parties. . ." While applauding the trial judge's bravura effort to balance the scales of justice, we must nevertheless disagree with his order in some aspects upon making our independent interpretation.

1. The trial court erred in limiting the class of taxpayers to "those persons who, on January 1, 1972 owned tangible property, with the exception of bank shares and motor vehicles, lying in the unincorporated areas of Grady County and who paid 1972 taxes on or after December 4, 1972, or not at all." (R. 252-253). In *Herring II* at page 2 as a part of its Division I, the Supreme Court stated: "[T]he gravamen of petitioner's complaint is that the action taken by the Revenue Commissioner was illegal as applied to every taxpayer." Accordingly, the class must be considered to be both those residing in incorporated areas and also those who reside outside of such incorporated areas.

2. The trial court stated correctly that "Petitioners' motion for summary judgment declaring the tax digest of 1972 void is hereby granted." The remainder of that paragraph is erroneous because of its limitation of members of the class as being those described in paragraph number one of the trial court's order.

3. Paragraph 3 of the trial court's order is erroneous in requiring new and original returns. See *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116). Under Code Ann. § 92-6911 the Board of Tax Assessors possesses the power to correct erroneous returns. With reference to individuals

who failed to make returns for 1972 the county has the power to treat the assessment of this property "at the same valuation as such property was finally determined to be subject to taxation in the preceding year and shall be deemed to have claimed the same homestead exemption and personal property exemption as allowed in the preceding year." Code Ann. § 92-6202.1.

4. Inasmuch as *Herring IV* ruled that the instant case did not involve equity the trial judge did not have discretion to apportion the costs. See Code § 37-1105; *Wrenn v. Atlanta Trust Co.*, 187 Ga. 663 (2 SE2d 67). Thus the trial court erred in failing to assess court costs against defendants. "If there is a judgment of reversal, the plaintiff in error shall be entitled to a judgment for the amount of such costs against the defendant in error. . ." Code Ann. § 6-1704.

Furthermore, "In all civil cases in any of the courts, except as otherwise provided, the party who shall discontinue, fail, or be cast in such suit shall be liable for the costs thereof." Code § 24-3401. The trial court was correct in its itemization of the actual court costs incident to the litigation. In drafting the final decree upon this remittitur the trial court is also to assess against appellees the cost of this appeal (*Herring V*).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED OCTOBER 8, 1975 — DECIDED JANUARY 5, 1976.

*Alexander, Vann & Lilly, Thomas K. Vann, Jr., Roy M. Lilly,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, H. Perry Michael, Gary B. Andrews, Assistant Attorneys General, Willard Chason,* for appellees.