## 31441. BOUY et al. v. KILEY et al.

Gunter, Justice.

This appeal is from a judgment that dismissed the appellants' complaint. The appellants brought an action in superior court to enjoin the tax commissioner from levying upon and selling their property pursuant to an execution issued for ad valorem taxes. The appellants complaint also sought a court declaration that their property, a motel located on municipal airport property, was not subject to ad valorem taxation.

The pleadings showed that the appellants had appealed the assessments for three separate years to the Board of Equalization, and that the board had fixed the assessed value for each of the three years. No appeal was taken from the board decision to the superior court pursuant to Code Ann. § 92-6912.

Appellants contend that the Board of Equalization could not and did not determine the taxability of its property, and that they properly raised the issue by an original action in superior court to enjoin levy and sale and for a declaration that their property was not subject to ad valorem taxation.

Code Ann. § 92-6912 (5)(A) provides: "Any taxpayer may appeal from an assessment by the board of tax assessors to the county board of equalization as to matters of taxability, uniformity of assessment, and value in the manner herein provided."

Code Ann. § 92-6912 (6)(A) provides: "The taxpayer or the county board of tax assessors may appeal to the

superior court of the county in which the property lies from the decisions of the county board of equalization." Subsection (6)(C) provides that such an appeal to the superior court shall constitute a de novo action.

Therefore, if an alleged taxpayer desires to contest the taxability of his property, he must do so by appeal to the Board of Equalization and then by appeal from the Board's decision to the superior court.

Judicial power to determine taxability is vested in the Board of Equalization. See *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975) at p. 154. And a ruling adverse to the taxpayer on the issue of taxability by the board becomes a de novo proceeding in superior court by appeal from the board's decision.

In the instant case the appellants appealed to the Board of Equalization, but they took no further appeal from the board's decision. Having failed to appeal from the board's decision, they could not at a later date successfully institute an original action in the superior court to raise the issue of taxability.

The judgment of the trial court dismissing the appellants' complaint was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED DECEMBER 1, 1976.

*Lee & Clark, Fred D. Clark,* for appellants.
*Anton F. Solms, Jr., L. W. Childs, Jr.,* for appellee.