32261. REECE et al. v. TOWN OF LYERLY et al.

NICHOLS, Chief Justice.

This is the second time that this case has come before this court. See *Town of Lyerly v. Short,* 234 Ga. 877 (218 SE2d 588) (1975). Based on a 1974 survey of the corporate boundaries of Lyerly, the governing officials concluded that the plaintiffs' properties lay inside the city limits and were, therefore, subject to ad valorem property tax. Since all other issues were resolved in the prior appeal, the sole question presented to the trial court was whether the

properties in question lay within the city's corporate boundaries. The trial court directed a verdict for the town of Lyerly after both sides had presented their evidence.

1. Appellants contend that the trial court erred in not allowing this case to be submitted to a jury on the question of the location of the town of Lyerly's boundaries. The judgment of the trial court must be reversed.

The original charter of the town of Lyerly provided that: "[t]he corporate limits of the town of Lyerly shall extend in every direction one-half mile from the depot of the Chattanooga, Rome and Columbus Railroad, . . ." Testimony by both sides showed that the railroad depot upon which the original charter was based had been relocated. Similarly, evidence by both sides showed that there was uncertainty as to the exact location of the old railroad depot. There are conflicts in the evidence as to material issues of fact, therefore, the case should have been submitted to a jury. It cannot be said that the evidence introduced, with all reasonable deductions drawn therefrom, demands a verdict for the town of Lyerly. See Ga. L. 1966, pp. 609, 665 as amended (Code Ann. § 81A-150(a)).

"[W]here a public boundary, such as a county line, is the dividing line between two lots of land, use and occupancy by other neighboring landowners, whose lands are also bounded by the county line, for more than twenty years up to a certain line as the county line, erecting fences, and treating it as the county line, and the fact that such line coincides with that claimed by one of the parties, is admissible. [Cits.] This hearsay or traditional evidence was not conclusive on the defendants as to the location of the county line, but it was admissible, and its weight was to be determined by the jury." *Ivey v. Cowart*, 124 Ga. 159, 162 (52 SE 436) (1905).

2. The legislature obviously intended that the center of the railroad depot be used as the beginning point for measuring the one-half mile distance to Lyerly's boundaries. This is not only in accord with general property law (see 11 CJS 545, Boundaries, § 5) but also comports with other acts of incorporation around that time period. See Ga. L. 1891, pp. 575, 593, 595. Any other construction of Ga. L. 1891, p. 814 would be nonsensical.

Accordingly, the trial court is ordered to instruct the jury that the center of the railroad depot, as it existed in 1891, when determined, is to be the beginning point for measuring Lyerly's boundaries.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 10, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 21, 1977.

*Farrar & Farrar, Archibald A. Farrar,* for appellants.

*Robert E. Surles,* for appellees.