33389. OXFORD v. CITY OF WAYCROSS et al.

PER CURIAM.

Appellant sought to enjoin the collection of taxes assessed on the Hatcher Point Mall, a shopping center. He was notified on September 2, 1977, that the fair market valuation of the property for tax purposes had been increased by the Board of Tax Assessors from $2,238,040 to $2,940,370. Through his agent, the general manager of the property, appellant attempted to appeal this change to the Board of Equalization by a letter mailed on October 6, 1977. No appeal was allowed because appellant failed to file his notice within the time limit set by law. This suit was then filed to challenge the assessment.

1. Appellant argues that the service of the notice of

the change of assessment was defective for failure to comply with the requirements of Code § 92-6911 (a), and that this rendered the notice ineffective. The failure complained of is the failure to personally serve notice, which appellant alleges is required for service within the county. We need not resolve the question of whether notice must be personally served under the current version of Code § 92-6911 (a) where service is made at a business office within the county. The evidence in this case shows without contradiction that the notice was served in accordance with appellant's written request that all "correspondence, tax bills, etc." be "mailed" to the mall manager. We recently held that tax assessors could not complain that the taxpayer followed the method for appeal of which they informed him, rather than the one prescribed by law. *Ledbetter Trucks, Inc. v. Floyd County Bd. of Tax Assessors,* 240 Ga. 791 (1978). We now hold that where service of a notice of change of assessment is made in the manner requested by the taxpayer he cannot complain that service was inadequate. The case of *Gilmore v. Curry,* 225 Ga. 483 (170 SE2d 31) (1969), is not on point.

2. Appellant also challenges the contents of the notice, alleging that the notice was so defective as to constitute no notice at all.

The purpose of the notice required by Code § 92-6911 is to give the taxpayer an opportunity to exercise his right to challenge the change by an appeal to the Board of Equalization. This Code section specifies the contents of the notice in order to assure that the taxpayer knows what property is involved, what change has been made, and what he must do to challenge the adjustment (i.e., appeal within the statutory time period). The failure of the board to comply strictly with the requirements for the contents of the notice does not invalidate the notice, unless the defect in the notice in fact misled the taxpayer to his detriment. Defects in the notice may be harmless either because the taxpayer was not in fact misled, or because the misleading character of the notice did not harm him under the circumstances.

The first defect alleged was the failure of the board to adequately describe the property in the box of the notice

labeled "Property Description." Looking at the notice as a whole, we agree with the trial court that the property was adequately described. Appellant had requested that communications from the Board of Tax Assessors with regard to the Hatcher Point Mall be addressed to the mall manager. The address used was that requested, and it included the name "Hatcher Point Mall." Moreover, appellant has not contended that he was confused by the notice, and in light of circumstances it is hard to see how he could have been.

Appellant also complains of the alleged failure of the board to give the fair market value of the property in the notice. The board in fact listed the fair market value, both before and after the change, under the heading "Valuation." It is clear from the notice that these figures are the fair market values, and the failure to use the term "fair market value" is at most a technical defect. Appellant has not shown that this defect in fact misled him to his detriment.

Appellant's real complaint seems to be that the board failed to separate real from personal property in its assessment, and that this failure concealed the major reason for the change. Apparently the old assessment had not included the value of certain air conditioning equipment on the premises, which appellant claims is personal property belonging to the tenants. The tax assessors determined that the air conditioning units are fixtures belonging to appellant, and the majority of the increase in assessment was caused by the inclusion of the value of these units in the assessment for the first time. The units were included in the category for real property as parts of the building. Assuming appellant is correct that these air conditioning units are in fact personalty, then the notice is defective for failure to separate personal from real property. This may have in fact misled appellant in some way. But, even if these allegations are true the trial court correctly denied relief, for the defect did not result in any detriment to appellant.

Appellant was given notice of the change in assessment, and this gave him notice of the need to take an appeal. He failed to do so within the statutory time period, and this failure is unrelated to the defect of which

he complains. The only confusion this defect could have caused under the circumstances was a confusion as to whether the assessors had changed the assessment on the mall without including the air conditioning units, or because of the inclusion of those units. This confusion could not have caused the delay in bringing the appeal, and appellant has never argued that it did cause the delay.

It was the failure of appellant to bring the appeal which caused any detriment he may suffer. *Bouy v. Kiley,* 238 Ga. 47 (230 SE2d 861) (1976). Any defects in the notice are harmless.

3. There was sufficient evidence for the trial court to conclude that appellant's letter containing instructions with regard to service of communications regarding taxes on the property was an amendment to appellant's tax return, that the notice of change of assessment was delivered in accordance with these instructions, that the notice was sufficient, and that appellant failed to appeal within the statutory time period. The remaining errors alleged are harmless, if error, in light of the above.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED MARCH 10, 1978 — DECIDED APRIL 4, 1978.

*Memory & Thomas, Terry A. Dillard,* for appellant.
*Neal L. Conner, Jr., Wilson G. Pedrick,* for appellees.