65504. MARCONI AVIONICS, INC. v. DeKALB COUNTY.

BIRDSONG, Judge.

This is an appeal from the trial court's grant of DeKalb County's motion to dismiss this action for refund of overpayment of property taxes. The trial court granted the motion on the ground that OCGA § 48-5-311 (e) (Code Ann. § 91A-1449) provides the exclusive procedure for challenging a property tax assessment on the ground of taxability. We reverse.

1. This action was instituted by appellant pursuant to OCGA § 48-5-380. This enactment, which was originally codified in Code Ann. § 92-3901a et seq. (Ga. L., 1975, p. 774, § 1) and recodified as Code

Ann. § 91A-1601 (Ga. L., 1978, p. 309, § 2), altered the preexisting rule that a payment of taxes, even under protest, was a voluntary payment and could not be recovered. *Town of Lyerly v. Short,* 234 Ga. 877, 879 (218 SE2d 588). OCGA § 48-5-380 (Code Ann. § 91A-1601) clearly sets forth a procedure whereby taxpayers may obtain a refund of "any and all taxes . . . which are determined to have been erroneously or illegally assessed and collected from the taxpayers . . . or which are determined to have been voluntarily or involuntarily overpaid by the taxpayers." Id. (a). The statute provides that the taxpayer must file its claim for refund with the appropriate governing authority within three years of the payment of the tax for which a refund is sought. Id. (b). If the claim is denied by the governing authority, the taxpayer has an additional year from the date of the denial to file "an action for a refund in the superior court of the county in which the claim arises." Id. (c).

The complaint seeks to recover $32,766.18 "by reason of the voluntary overpayment of property taxes" and alleges compliance with the refund provisions. Aside from certain statements contained in the trial court's order, the record contains no further description of the nature of appellant's claim for refund. Treating the motion to dismiss as a motion on the pleadings, it is clear that the complaint is not subject to dismissal. It states a cause of action for refund of voluntarily overpaid tax and alleges acts showing compliance with the statutory procedure OCGA § 48-5-380 (Code Ann. § 91A-1601). Acceptance of appellee's position, which is based on failure to state a claim, and on jurisdictional and statute of limitation grounds, all of which are premised on appellant's failure to comply with OCGA § 48-5-311 (e) (Code Ann. § 91A-1449), would place a requirement on OCGA § 48-5-380 (Code Ann. § 91A-1601) clearly not contemplated by the statute. The refund statute does not state that the taxpayer must first have complied with OCGA § 48-5-311 (e) (Code Ann. § 91A-1449) before it is entitled to a refund of improperly paid taxes. Indeed, the wording of OCGA § 48-5-380 (a) (Code Ann. § 91A-1601) giving the taxpayer the right to a refund of "any and all taxes . . . which are determined to have been . . . voluntarily or involuntarily overpaid," belies any attempt to place such a severe, artificial, and non-statutory restriction on that right. Appellee's argument, which would prevent recovery of a refund for any taxes paid without exhaustion of appeal rights pursuant to OCGA § 48-5-311 (e) (Code Ann. § 91A-1449), would virtually eliminate refunds when the mistake of overpayment is discovered only after the taxes are paid. This would again render most tax payments unrecoverable "voluntary payments," which OCGA § 48-5-380 (Code Ann. § 91A-1601) was designed to alleviate. *Town of Lyerly,* supra. We hold

that a taxpayer need not comply with the appeal procedure provided in OCGA § 48-5-311 (e) (Code Ann. § 91A-1449) prior to proceeding under OCGA § 48-5-380 (Code Ann. § 91A-1601).

2. Appellee argues, however, that this claim questions the taxibility of appellant's property, and that questions of taxability may be raised only through OCGA § 48-5-311 (e) (Code Ann. § 91A-1449). It should be noted that since the pleadings do not raise the issue of taxability, the trial court obviously considered matters outside the record in reaching the conclusion that this action is premised on appellant's discovery, after payment of the tax, that certain property upon which tax was paid was exempt. To the extent that the motion requires consideration of matters outside the record, it will be treated as a motion for summary judgment and subject to the notice and hearing requirements of OCGA § 9-11-56 (Code Ann. § 81A-156). *Ellis v. Major Gas &c. Co.,* 154 Ga. App. 34 (267 SE2d 485). The record in this case indicates that these requirements have been satisfied.

Appellee cites *Buoy v. Kiley,* 238 Ga. 47, 48 (230 SE2d 861), and *C. C. Leasing Corp. v. Bd. of Tax Assessors of Hall County,* 143 Ga. App. 520 (239 SE2d 204), in support of its argument that a taxpayer cannot initiate an action in the superior court to raise questions of taxability except on appeal from a decision of the Board of Equalization pursuant to OCGA § 48-5-311 (e) (Code Ann. § 91A-1449), and that the superior court does not have jurisdiction to consider taxibility except on such appeal. However, neither *Buoy* nor *C. C. Leasing* was brought pursuant to the refund statute and neither is apposite to the present case. Acceptance of appellee's position would render the refund statute virtually meaningless, since it would preclude refund actions by taxpayers who later discover that property not properly subject to taxation "has been erroneously or illegally assessed and [taxes] collected from the taxpayers" or that taxes "have been voluntarily or involuntarily overpaid." OCGA § 48-5-380 (a) (Code Ann. § 91A-1601). This is the very "injustice to taxpayers" remedied by the refund statute. See *Town of Lyerly,* supra, p. 881 (Hill, J., concurring). We interpret the refund statute according to its literal and logical meaning: it applies to all property "erroneously or illegally assessed" and taxes "voluntarily or in-voluntarily overpaid," for whatever reason.

Appellee's attempt to limit OCGA § 48-5-380 (Code Ann. § 91A-1601) to situations involving errors of a clerical nature, as where duplicate payments are made, belies the language of subsection (e) of the statute, which provides that the "governing authority" may delegate the "approval or disapproval of claims where the reason for the claim is based on an obvious clerical error." However, "[i]n

disputed cases where there is no obvious error, the approval or disapproval of claims may not be delegated by the governing authority." OCGA § 48-5-380 (e) (Code Ann. § 91A-1601). Thus, the statute clearly contemplates claims for refund going beyond mere correction of clerical errors.

"It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning." *Houston v. Lowes of Savannah,* 235 Ga. 201, 203 (219 SE2d 115). The legislature clearly has provided a statutory scheme whereby a taxpayer may obtain a refund for overpaid or erroneously or illegally assessed taxes. There is nothing in that statutory scheme, or in the procedure for appeals from property tax assessments, that precludes consideration of the taxability or non-taxability of the property if that forms the basis of the allegation that the property was erroneously or illegally assessed or that there was an overpayment. Accordingly, the trial court erred in granting appellee's motion to dismiss.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 16, 1983 —
REHEARING DENIED MARCH 4, 1983 —

*A. Mims Wilkinson, Jr., John G. McCullough, Hugh H. Howell, Jr.,* for appellant.
*George Dillard, Gail C. Flake,* for appellee.