38995. CITY OF COLLEGE PARK et al. v. EASTERN AIRLINES, INC. et al.
38996. EASTERN AIRLINES, INC. v. CITY OF COLLEGE PARK et al.

SMITH, Justice.

This case involves the recovery of taxes paid mistakenly to one municipality while owed to another. College Park sued Eastern Air Lines, Inc., the City of Atlanta, and the Revenue Commissioner of the State of Georgia, challenging the validity of a 1960 Act (Ga. L. 1960, p. 3040) by which Atlanta attempted to annex certain land constituting a portion of the Atlanta airport. College Park contended that the

attempted annexation was void in that a part of the annexed land was already within its corporate limits in 1960. It also sought recovery of taxes paid from 1973 through 1980 by Eastern to Atlanta as a result of the 1960 Act.[1] The trial court held that College Park was equitably estopped from asserting its claim and granted summary judgment to appellees. On appeal we must decide whether, under general equitable principles of restitution, College Park may recover taxes mistakenly paid by Eastern to Atlanta as a result of a legislative mistake made over twenty years ago. We conclude that College Park has stated a claim for equitable relief which authorizes recovery of the disputed funds from the City of Atlanta.

In 1972 the legislature imposed an ad valorem tax on airline companies operating within Georgia. Ga. L. 1972, p. 1129. See OCGA § 48-5-540 et seq. (Code Ann. § 91A-2301 et seq.). Pursuant to this law, Eastern made an annual return of its flight equipment to the Revenue Commissioner of Georgia for each year from 1973 through 1980. Under the statute the Commissioner is charged with adjusting and apportioning valuation of flight equipment among the local jurisdictions where the airline operates. He then notifies each local taxing entity of the flight equipment located within its boundaries and the amount of taxes due thereon. In the present case, as a result of the invalid 1960 annexation, the City of Atlanta was notified and taxes were mistakenly paid to it for flight equipment operating on land located not within Atlanta, but within the corporate limits of College Park. For the years in question, College Park claimed taxes due of $1,101,412 plus interest of $376,581 from Eastern, Atlanta, and the Revenue Commissioner of Georgia.

The City of Atlanta, joined by the other defendants, moved for partial summary judgment as to the validity of the 1960 annexation act, as did College Park. The trial court held the 1960 annexation to be effective and constitutional to the extent that it did not encroach on territory already within the corporate boundaries of College Park. The court went on to hold that the disputed area had been a part of College Park since 1929; that College Park was at all times since 1929 on notice as to its own corporate limits; that it was on constructive notice as to the dispute regarding the 1960 act through the Hapeville and Knight cases (see n. 1, supra); that College Park was or should have been aware that Eastern's equipment, located on land owned by

---

[1] The 1960 Act was challenged in 1967 on similar grounds and ruled unconstitutional as to areas lying within the corporate limits of Hapeville. See Hapeville v. Atlanta, civil action #B-24406 and Knight v. Camp, civil action #B-22407. (Superior Court of Fulton County.)

Atlanta within College Park, was subject to College Park's taxation authority; that College Park had slept on its rights and was in the best position to discover the error while Eastern had paid in good faith to Atlanta which had collected in good faith; that College Park was equitably estopped from asserting claims for years prior to 1981 against Eastern or Atlanta; and that Eastern could not seek a refund from Atlanta. Now College Park appeals the grant of summary judgment to the appellees. We reverse in part and affirm in part.

As the above facts plainly demonstrate, the City of Atlanta has been enriched by the payment of taxes from Eastern Airlines which should properly have been paid to College Park. Retention of the benefit so conferred upon Atlanta at the expense of College Park is unjust. While we are concerned that piecemeal challenges to the invalid 1960 annexation will result in inconsistent rulings, the trial court's decision to maintain the status quo among these parties on the tax issue was inequitable and must be remedied. Cf. *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1, 11 (178 SE2d 868) (1970) (Almand, C. J., concurring specially). We find support for this conclusion in certain principles of law enumerated in the Restatement of Restitution and analogous cases.

A right of restitution is generally recognized where a person pays money to another in the erroneous belief, induced by a mistake of fact, that he owes a duty to pay it. Where such duty is owed instead to a third person, the transferee is under a duty of restitution to the third person. Restatement of Restitution § 126 (1937). In Village of Indian Hill v. Atkins, 153 Ohio 562 (93 NE2d 22) (1950), Atkins' property taxes were erroneously paid, through the mistake of the county auditor, to the City of Cincinnati when they were owed to Indian Hill. Citing the above Restatement of Restitution section, the court held that, "[w]here the proceeds of tangible personal property taxes collected from a taxpayer who resided in and was domiciled in one municipality are distributed to another municipality because of a mistaken belief that such taxpayer was a resident of the latter municipality, a cause of action *may exist* in favor of the first municipality against the second municipality for recovery of the proceeds so distributed." Id. at 23. (Emphasis in original.) We believe that the present case presents a like problem. Eastern has paid to Atlanta because of an apportionment error made by the state revenue commissioner who, like the county auditor in Indian Hill, was mistaken as to which taxing body was entitled to the funds. But for the mistaken 1960 annexation act and subsequent erroneous apportionments by the state, College Park would have received its taxes in due course.

It may be argued that Atlanta owes no duty of restitution

because the payments were made under a mistake of law. See OCGA §§ 13-1-13 and 23-2-27 (Code Ann. §§ 20-1007, 37-209). We find that doctrine to be inapposite here for two reasons. First, we are only requiring that the taxes be transferred from one taxing body to another, not from a taxing body to a taxpayer who alleges overpayment. This is not a case where a party has paid a tax bill afterward discovered to be too much or to have been issued to a taxpayer who had no tax liability. Second, the legislature has created an exception to the mistake of law defense in tax cases and recently amended the Code to remove tax claims from the heretofore applicable statute. See OCGA §§ 13-1-13 and 48-2-35 (Code Ann. §§ 20-1007, 91A-245). Thus we conclude that mere mistake of law on the part of the Revenue Commissioner or Eastern is insufficient to bar College Park's claim. "If the other reasons for denying recovery of overpaid taxes are inoperative in a given set of facts, however, there is no reason to deny recovery on the mistake of law grounds." Dobbs, Remedies, p. 765, § 11.8 (1973).[2]

In concluding that College Park has stated a claim for equitable relief, we are merely authorizing distribution of the disputed funds in accordance with OCGA § 48-5-540 et seq. (Code Ann. § 91A-2301 et seq.). In addition, College Park had no opportunity to check or object to apportionments made by the state, and had no reason to suspect that apportionments were being misdirected. The trial court erred in ruling that College Park was equitably estopped from recovering the taxes paid erroneously to Atlanta. "The power to tax cannot be lost by nonuser, no matter for how long a period. Estoppel in pais may not be invoked against exercise of the power, and the right to tax generally is not barred by limitation." McQuillin, Mun. Corp. (3rd Ed.) § 44.15 (1979). This has long been the rule in Georgia. See *Wells v. Savannah,* 107 Ga. 1 (32 SE 669) (1899); *City of East Point v. Upchurch Packing Co.,* 58 Ga. App. 829, 831 (200 SE 210) (1938). College Park is not estopped from proceeding with its suit against the City of Atlanta for restitution of funds paid mistakenly to Atlanta by Eastern Airlines, and the trial court's grant of summary judgment on the ground of

---

[2] Appellees contend that our decision in *Town of Lyerly v. Short,* 234 Ga. 877 (218 SE2d 588) (1975), stands for the proposition that rectification of a mistake as to a municipality's boundaries gives rise to only prospective taxation over the newly ascertained territory, not to recovery of taxes determined to have been due from past years, and should thus control the disposition of this case. In our view, *Town of Lyerly* is distinguishable because no taxes had been paid mistakenly to any party as a result of the boundary confusion there. In the present case it is agreed that Eastern owed the taxes paid but that the wrong municipality received these payments. *Town of Lyerly* does not stand in the way of College Park's recovery.

estoppel was erroneous.

As a result of our decision, case number 38995 is reversed as to the City of Atlanta and affirmed as to Eastern Airlines. Case number 38996 is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 8, 1983 — REHEARINGS DENIED MARCH 30, 1983.

*Kirby A. Glaze, Steven M. Fincher,* for appellants (case no. 38995).

*Marva Jones Brooks, Joe M. Harris, Theodore M. Forbes, Jr., William W. Maycock, Michael J. Bowers, Attorney General, James C. Pratt, Assistant Attorney General,* for appellees.

*Theodore M. Forbes, Jr., William W. Maycock,* for appellant (case no. 38996).

*Marva Jones Brooks, Joe M. Harris, Irmina Rivero Owens, Kirby A. Glaze, Steven M. Fincher,* for appellees.